70354. HARRIS v. THE STATE.
(332 SE2d 685)

McMURRAY, Presiding Judge.

Defendant was indicted by a Richmond County Grand Jury which accused him of burglary and possession of a firearm by a convicted felon. Initially, defendant pleaded not guilty to both counts. Subsequently, however, he moved the trial court to accept a plea of

guilty to the possession of a firearm by a convicted felon charge. The trial court overruled defendant's motion and the case proceeded to trial. The jury found defendant guilty of both charges and this appeal followed. In his sole enumeration of error, defendant contends the trial court erred in refusing to accept his guilty plea with regard to the possession of a firearm offense. *Held*:

Defendant argues the trial court should have accepted his guilty plea upon the possession of a firearm by a convicted felon count in order to preclude the prosecution from introducing evidence of defendant's prior felony convictions. Under the particular facts and circumstances of the case sub judice we do not think defendant could force the trial court to accept his guilty plea just so evidence of his prior felony convictions would be excluded.

It is within the discretion of the trial court to accept or reject a plea of guilty. A defendant is not entitled to have a guilty plea entered as a matter of right. *Echols v. State*, 167 Ga. App. 307, 308 (306 SE2d 324), and cases cited therein. We cannot say the trial court abused its discretion in refusing to accept defendant's change of plea.

We note that unlike the recent decision of *Head v. State*, 253 Ga. 429 (322 SE2d 228) (wherein severance guidelines in certain instances were enunciated for cases involving evidence of prior felony convictions), no objection was made by defendant in the case sub judice when evidence of his prior felony convictions was introduced by the prosecution. Moreover, defendant does not enumerate error upon the failure of the trial court to sever the two offenses for trial. (*Head v. State*, supra, was not decided until after the defendant here was tried.) Accordingly, our review is based solely upon defendant's contention that the trial court erred in refusing to accept his guilty plea. For the reasons set forth above, this contention is without merit.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JUNE 12, 1985.

*A. Stephenson Wallace*, for appellant.
*Sam B. Sibley, Jr., District Attorney*, for appellee.