## A01A2036. JACKSON v. THE STATE.
(554 SE2d 768)

JOHNSON, Presiding Judge.

Following a bench trial, Tyrus Trenton Jackson was convicted of three counts of aggravated assault, one count of giving a false name, and one count of giving a false date of birth. He appeals, arguing the evidence was insufficient to support his convictions for aggravated assault, the trial court erred in not accepting his guilty plea, and the trial court erred in allowing hearsay evidence. Because each of these enumerations of error lacks merit, we affirm Jackson's convictions.

1. On appeal, the evidence must be viewed in the light most favorable to support the verdict, and Jackson no longer enjoys the presumption of innocence; moreover, the appellate court merely determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[1] As long as there is some competent

---

[1] *Durrance v. State*, 250 Ga. App. 185 (2) (549 SE2d 406) (2001).

evidence, even though contradicted, to support each fact necessary to make out the state's case, the verdict will be upheld.[2]

Viewed in this light, the record shows that the victims, Marvin Sparks, Ledarian Craig, Kendrell Bryant, and Tristen Fairley, went to a bowling alley. Jackson and his girlfriend were at the same bowling alley. Jackson and the victims exchanged looks (referred to as "mugging"), but no words. It is undisputed that the victims never approached Jackson or made any type of gesture toward Jackson.

As the victims attempted to leave the bowling alley, Jackson ran toward them with a loaded gun. Jackson pointed his gun at Fairley as he ran past him. He trapped Sparks and Bryant in the entranceway, pointed the gun at them, and waved the gun around. Jackson called the victims "young punks" and told them, "y'all don't want none of this." He also said, "what y'all need to mug me for?" Sparks testified that he was fearful that he would be shot because of Jackson's actions.

As Jackson was leaving the bowling alley, he fired his gun into the air three times. He admitted he was angry and that he shot his gun out of anger. Jackson claims he only had the gun at his side during the confrontation with the victims and that he did not point the gun at any of the victims.

A person commits the offense of aggravated assault when he uses a deadly weapon to commit an act which places another in reasonable apprehension of immediately receiving a violent injury.[3] Whether a victim has been placed in reasonable apprehension of injury is a question of fact, which may be established by indirect or circumstantial evidence.[4] Intent to injure is not an element of aggravated assault with a deadly weapon.[5]

The evidence showed that Jackson pointed his gun at Sparks, Bryant, and Fairley. Although only Sparks testified that he was fearful he would be shot, the factfinder properly found evidence as to Bryant's and Fairley's state of mind. Sparks' testimony that he was fearful, coupled with testimony that Jackson pointed the gun at each of the victims, was sufficient for a factfinder to find that all three victims had a reasonable apprehension of immediately receiving a violent injury.[6] Further, the presence of a deadly weapon "would normally place a victim in reasonable apprehension of being injured violently."[7] Jackson's remaining contentions go to the credibility of

[2] Id.
[3] OCGA §§ 16-5-20; 16-5-21.
[4] See *In the Interest of K. D. J.*, 246 Ga. App. 500, 503 (4) (540 SE2d 682) (2000); *Williams v. State*, 208 Ga. App. 12, 13 (430 SE2d 157) (1993).
[5] Id.
[6] *Cockrell v. State*, 248 Ga. App. 359, 361 (1) (b) (545 SE2d 600) (2001).
[7] *State v. Bolman*, 222 Ga. App. 534, 535 (474 SE2d 721) (1996).

the witnesses, which was an issue for the factfinder and not for us to decide on appeal. The evidence was sufficient under *Jackson v. Virginia*[8] for a reasonable trier of fact to find Jackson guilty beyond a reasonable doubt of aggravated assault on all three victims.

2. Jackson contends the trial court erred in refusing to accept his November 15, 1999 guilty plea. However, it is within the discretion of the trial court to accept or reject a guilty plea.[9] A defendant is not entitled to have a guilty plea entered as a matter of right.[10]

Here, the trial court asked Jackson whether he believed a jury would find him guilty based on the state's evidence, and Jackson responded, "no, sir." Based on this response, the trial court refused to accept his guilty plea under *North Carolina v. Alford*.[11] Because the record reveals Jackson's ambivalence concerning his plea, we find the trial court did not abuse its discretion in refusing to accept his guilty plea.[12]

Moreover, the record further reveals that Jackson was given the opportunity two days later to enter an *Alford* plea and receive first offender status before his trial began. However, he declined the plea offer and elected to go forward with the bench trial. This enumeration of error lacks merit.

3. Jackson asserts the trial court committed reversible error when it allowed Craig to testify as to what Fairley said to him about Jackson pointing his gun at Fairley. We disagree.

The record shows that Fairley testified at trial that Jackson pointed the gun at him. During his questioning of Craig, Jackson counsel elicited testimony that Craig was standing next to Fairley and did not see Jackson point the gun at Fairley. This line of questioning put Fairley's veracity into issue. Thus, the trial court did not err in permitting the state to question Craig about Fairley's previous consistent statement to him that Jackson had pointed the gun at Fairley.[13] Moreover, we presume that a trial court in a bench trial considers only admissible evidence.[14] We find no error.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED SEPTEMBER 17, 2001.

---

[8] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[9] *Mims v. State*, 201 Ga. App. 277, 278 (1) (410 SE2d 824) (1991), overruled on other grounds, *Hooten v. State*, 212 Ga. App. 770, 775 (1) (442 SE2d 836) (1994).

[10] *Harris v. State*, 175 Ga. App. 134, 135 (332 SE2d 685) (1985).

[11] 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970).

[12] See *Bowen v. State*, 191 Ga. App. 760 (382 SE2d 694) (1989).

[13] See *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985).

[14] *Corsini v. State*, 238 Ga. App. 383, 385 (2) (519 SE2d 39) (1999).

*Schoolcraft & Watkins, Stanley W. Schoolcraft III*, for appellant.
*Robert E. Keller, District Attorney, Jay M. Jackson, Assistant District Attorney*, for appellee.