## A04A0712. FOSTER v. THE STATE.
### (599 SE2d 309)

MILLER, Judge.

Following a jury trial, Cameron M. Foster was convicted of armed robbery and aggravated assault. After refusing to grant Foster a new trial, the trial court vacated Foster's conviction for aggravated assault. In this appeal, Foster challenges the sufficiency of evidence, the allegedly improper introduction of his character in evidence, and the failure to charge the jury on his sole defense. He also seeks to apply the "plain error" doctrine to the state's closing argument. We discern no error and affirm.[1]

Viewed in the light most favorable to the verdict, the evidence shows that at about dusk, the victim stopped to use a pay telephone while on her way home from school. While talking on the phone for a few minutes, she noticed a man, later determined to be Foster, standing behind her. She began "wondering why he was standing behind me like that" since other pay phones were available. Foster waited for her to complete her call, then came up behind her and told her to give up her purse. She recalled that "I was shocked, I couldn't believe it at first." After Foster displayed a gun and told her that he was serious, she complied with his demand and gave her purse to him. As Foster ran off into the woods with her purse, the victim recounted, "I kind of stood at the pay phone shocked." Then she told a woman in a nearby car that "he just robbed me," and that person called police.

After interviewing the robbery victim, the responding officer allowed her to ride with him to look for the perpetrator. Minutes later, while riding with the officer in his patrol cruiser, the victim saw Foster walking nearby. The officer exited his patrol car and asked Foster if he could speak with him for a minute. When Foster indicated that he did not have any problem with being questioned, the officer said, "before I talk to you, before . . . you get any closer, I want to check you, make sure you don't have anything on you." While frisking Foster for weapons, the officer discovered the victim's calculator in Foster's front waistband and her picture identification card. After learning that Foster had her property, the victim got belligerent and

---

[1] Foster also contends that the trial court erred in its charge on aggravated assault and by refusing to merge his convictions. Because the trial court vacated the conviction for aggravated assault, those claims are now moot.

began asking him, "where is my purse, where is the rest of my stuff[?]" After she asked him why he had robbed her, Foster told her he was sorry. Foster then led the victim and the officer around the corner to the area where Foster indicated that he had stashed the victim's belongings. The area was in the wood line paralleling the street where the victim said Foster had run after he robbed her. There, she recovered her purse. After the victim complained that her pager was still missing, Foster led them to a vehicle parked in the driveway of his family's home. The victim's pager was inside the vehicle. The officer testified that a gun was recovered at the top of the driveway near where Foster was apprehended.

1. In separate claims of error, Foster contends that the evidence presented at trial was insufficient to support his conviction and that the trial court erred in denying his motion for a directed verdict of acquittal. Asserting that the identity of the perpetrator was at issue, Foster claims that the identification evidence "was entirely circumstantial." Foster points out that the victim's description of the clothing worn by her attacker conflicted with his own description of the "crack junkie" who Foster claimed sold him the property.

The standard of review is the same for considering the sufficiency of the evidence and for reviewing the denial of a motion for directed verdict of acquittal. *Garrett v. State*, 184 Ga. App. 715, 716 (3) (362 SE2d 423) (1987). We view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The victim here identified Foster as the man who robbed her at gunpoint. Shortly after the robbery, some of the victim's personal belongings were discovered in Foster's possession. When the victim confronted Foster, demanding to know why he had robbed her, he apologized to her. When the victim insisted on the return of her purse and other belongings, Foster led her and a police officer to them. Investigators found a pistol near the driveway where Foster was apprehended. This evidence sufficed to sustain the conviction for armed robbery. See OCGA § 16-8-41 (a).

2. Foster claims that the trial court erred in denying his motion for mistrial after a State witness improperly introduced his character in evidence.

The testimony at issue arose after the victim testified about retrieving her belongings and waiting for an officer to arrive to take her home. The victim testified that she surmised that this officer was

a detective because the officer was dressed in plain clothes. Then, when asked, "[a]nd what, if anything, did that detective do?" the victim blurted out, "[s]he told me that the Defendant was already on probation for —," and Foster immediately objected and moved for a mistrial,[2] arguing that the witness "put my character into evidence and I think that was unfair." The trial court then gave this curative instruction:

> I will instruct you very explicitly and emphatically that you are not to consider any of the last statement made by the witness. Any such statement is totally inadmissible, it is totally contrary to the manner in which we proceed. You are not to consider any matter pertaining to that last statement. I won't repeat it, but if it is in your recollection, then you are to totally disregard it.

The decision to grant a mistrial or to provide curative instructions lies within the discretion of the trial court. *Danzis v. State*, 198 Ga. App. 136, 137 (1) (400 SE2d 671) (1990). Absent an abuse of that discretion, an appellate court will not disturb the court's decision. See *Sims v. State*, 268 Ga. 381, 382 (2) (489 SE2d 809) (1997).

The victim's reference to probation was not solicited by the State, and the trial court promptly instructed the jury to disregard it. In these circumstances, we cannot say that the passing reference to "probation" mandated a new trial. See *Burton v. State*, 263 Ga. 725, 726-727 (2) (438 SE2d 83) (1994) (mistrial properly denied where witness made passing reference to probation paper that may or may not have implicated defendant's character). We find no abuse of discretion. See *Sims*, supra, 268 Ga. at 382 (2).

3. Foster seeks to invoke the "plain error" doctrine. He contends that during closing argument, the State tried to elicit sympathy for the victim in violation of the prohibition against using the "golden rule."[3] Foster complains that the prosecutor's attempt to evoke sympathy for the victim and her effort "to do the right thing" caused "a grave miscarriage of justice."

Foster's attempted reliance on the "plain error" doctrine is misplaced, as the Supreme Court of Georgia has limited application

---

[2] With assistance from counsel, Foster represented himself at trial.

[3] In a classic "golden rule" argument, jurors are asked to place themselves in the victim's place in regard to the crime itself. *White v. State*, 208 Ga. App. 885, 890 (6) (432 SE2d 562) (1993); see *Burgess v. State*, 264 Ga. 777, 785 (20) (450 SE2d 680) (1994). Any argument that asks jurors to place themselves in the position of the victim for any purpose must be carefully scrutinized to ensure that the accused's right to a fair trial is not infringed. *White*, supra, 208 Ga. App. at 890 (6).

of the "plain error" doctrine to capital cases and to criminal cases in which there is an alleged violation of OCGA § 17-8-57 (where the judge intimates an opinion of the defendant's guilt). *Pittman v. State*, 273 Ga. 849, 850 (4), n. 2 (546 SE2d 277) (2001). Since the case here does not fall within the categories under which a case may be reviewed for "plain error," Foster has waived any issue on appeal relating to the State's closing argument by failing to object to such argument at trial. See *Mullins v. State*, 270 Ga. 450-451 (2) (511 SE2d 165) (1999) (where the defense does not object to the State's closing argument, any error is waived (except in death penalty cases)).

4. Foster asserts that the trial court erred by failing to charge the jury on his sole defense. He claims that he was entitled to a charge on theft by receiving as a defense, because under the defendant's version of events, the only crime for which Foster could have been found guilty was theft by receiving.

At Foster's request, the trial court gave instructions on theft by taking, robbery, and robbery by intimidation. After the State objected to Foster's requested charge on theft by receiving, the court did not provide that instruction. Foster contends that this was reversible error.

A defendant is not entitled to an instruction on an offense for which he is not being tried and which is not a lesser included offense. *Barnett v. State*, 244 Ga. App. 585, 590 (6) (536 SE2d 263) (2000). Theft by receiving stolen property is not, as a matter of law, a lesser included offense of armed robbery. *Bethel v. State*, 232 Ga. App. 82, 84-85 (2) (500 SE2d 595) (1998). Furthermore, Foster was not being tried for theft by receiving. The trial court did not err in refusing to give the requested charge.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MAY 11, 2004.

*Robert A. Maxwell*, for appellant.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.