## A05A1288. QUIMBLEY v. THE STATE.
(622 SE2d 879)

RUFFIN, Chief Judge.

A Mitchell County grand jury indicted Donnell Quimbley on charges of selling cocaine and possessing cocaine with intent to distribute. At trial, the jury acquitted Quimbley of selling cocaine, but found him guilty of possessing cocaine with intent to distribute. Quimbley moved for a new trial, arguing that (1) the trial court erred in failing to grant a mistrial after prejudicial testimony was given; and (2) his attorney was ineffective in failing to move for a mistrial or otherwise object to certain prejudicial testimony. The trial court denied Quimbley's motion, and for reasons that follow, we affirm.

When reviewing a criminal conviction, we view the evidence in a light most favorable to the verdict, and we do not presume the defendant's innocence.[1] Viewed in this light, the evidence shows that on August 20, 1999, Officer Tim Williams of the Southwest Georgia Drug Task Force arranged for an informant to attempt to purchase crack cocaine from Quimbley. The informant was searched to ensure he had no drugs in his possession and was given $100 in cash identifiable by serial number. He was also given a recording device to carry in his shirt pocket, which allowed officers to monitor his conversation with Quimbley. The informant was told to use the phrase "all right, that looks good" when he had either seen Quimbley in possession of drugs or purchased drugs from him.

Officer Williams and Deputy Commander Tamara Cunningham drove the informant to a location near Quimbley's home. The informant then walked to Quimbley's home and spoke to him in the yard. Quimbley agreed to sell the informant $100 worth of crack cocaine and drive him to Baconton, Georgia. Commander Joe Autry, who was watching Quimbley's house, saw Quimbley go into a wooded area and reach into the shrubbery before entering his pickup truck with the informant.

Once they were in the truck, the informant saw that Quimbley had a matchbox with over $100 worth of crack cocaine in it. While monitoring the conversation in the truck, the officers heard the informant use the prearranged phrase "all right, that looks good."

---

[1] See *Simmons v. State*, 271 Ga. App. 330 (1) (609 SE2d 678) (2005).

Officer Williams and Deputy Commander Cunningham then pulled their vehicle next to Quimbley's truck. Quimbley drove down a grass lane, and the officers pursued him.

When Quimbley stopped, there was crack cocaine in his truck, and the informant also had crack cocaine in his possession. The $100 given to the informant by the officers was recovered in the area where they had chased Quimbley, as was the outer cover of a small matchbox with white residue on it. In a subsequent search of Quimbley's property, officers found crack cocaine in the wooded area where Commander Autry saw Quimbley just before he entered the truck.

1. Quimbley asserts that the trial court erred in failing to grant a mistrial in three separate instances where the jury heard prejudicial information about him. We review a trial court's ruling on a motion for mistrial under an abuse of discretion standard.[2]

(a) First, Quimbley argues that the trial court should have granted a mistrial because certain testimony by the informant impugned his character by implying that he had sold cocaine to the informant on other occasions. On cross-examination, Quimbley's counsel asked the informant if he had previously testified that Quimbley never put anything in his hand during the alleged cocaine sale. The informant responded, "[i]n November, I did say that but he has in the past put it in my hand on various [sic] several occasions." Quimbley immediately moved for a mistrial, but the trial court denied the motion and stated that it would instead give the jury a curative instruction. However, Quimbley asked that no curative instruction be given as "it would serve to draw attention to the comment."

The trial court properly denied the motion for a mistrial, as "[a] nonresponsive answer that impacts negatively on a defendant's character does not improperly place the defendant's character in issue."[3] Here, the informant gave a nonresponsive answer to a question posed by Quimbley's counsel. There was no indication that this testimony was encouraged by the State.[4] And counsel's decision to decline a curative instruction is one of trial strategy and does not create grounds for a mistrial.[5]

(b) Next, Quimbley contends that the trial court erred in failing to, sua sponte, either give a curative instruction to the jury or grant a mistrial when certain hearsay evidence was introduced. Specifically, he objects to Deputy Commander Cunningham's testimony

[2] See *Goldsby v. State*, 273 Ga. App. 523, 532 (8) (615 SE2d 592) (2005).

[3] *Hansley v. State*, 267 Ga. 48, 49 (3) (472 SE2d 305) (1996).

[4] See *Watkins v. State*, 241 Ga. App. 251, 253 (2) (526 SE2d 155) (1999).

[5] See *Hinely v. State*, 275 Ga. 777, 782 (2) (d) (573 SE2d 66) (2002).

that, after Quimbley was taken into custody, she returned to his home, where she was approached by a woman looking for Quimbley who "stated that she wanted a 20." Deputy Commander Cunningham apparently interpreted this to mean that the woman wanted to buy $20 worth of cocaine. Quimbley did not object to this testimony at trial, deciding rather to challenge Cunningham's veracity on cross-examination, as she had not mentioned the encounter in prior testimony.

Because Quimbley did not object to the testimony at trial, he has waived his right to raise this issue on appeal.[6] We "will not consider issues and grounds for objection, even of constitutional magnitude, which were not raised and determined in the trial court."[7] And this case does not fall into either of the categories under which the trial court's action might be reviewed for plain error.[8]

(c) Finally, Quimbley claims that the trial court should have granted a mistrial after the jury learned that his pickup truck had been subject to a civil forfeiture proceeding. Quimbley argues, without any citation to authority, that the State's informing the jury of a prior judicial determination that his truck was used in unlawful activity was tantamount to an expression of opinion by a judge as to his guilt and constitutes plain error.[9] We note, however, that before this arguably prejudicial comment was made by the State, *Quimbley* introduced into evidence the transcript of the civil forfeiture proceeding, using it to impeach the testimony of several prosecution witnesses. Because Quimbley raised the subject of the civil forfeiture hearing and introduced the transcript, the prosecution was entitled to question witnesses about the transcript on re-direct, as it did.[10] As Quimbley opened the door to such evidence, the trial court properly denied his motion for a mistrial on this basis.[11]

2. Quimbley asserts that he received ineffective assistance of counsel because his attorney failed to object or move for a mistrial when Deputy Commander Cunningham testified that she was approached in Quimbley's yard by a woman who "was trying to make a 20-dollar buy from Mr. Donnell Quimbley." In order to show ineffective assistance of counsel, Quimbley must demonstrate that his

---

[6] See *Anderson v. State*, 264 Ga. App. 362, 364 (2) (590 SE2d 729) (2003).

[7] (Punctuation omitted.) *Rambo v. State*, 266 Ga. App. 791, 793 (3) (598 SE2d 85) (2004).

[8] See *Foster v. State*, 267 Ga. App. 363, 365-366 (3) (599 SE2d 309) (2004) (under Georgia law, application of the plain error doctrine is limited to capital cases and cases in which the judge expresses an opinion as to the defendant's guilt).

[9] See id.

[10] See *Wilkes v. State*, 221 Ga. App. 390, 393 (3) (471 SE2d 332) (1996); *Robinson v. State*, 208 Ga. App. 528, 530 (3) (430 SE2d 830) (1993).

[11] See *Wilkes*, supra.

attorney's trial "performance was deficient and that the deficient performance so prejudiced [Quimbley] that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different."[12] On appeal, we presume that "trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy."[13] Consequently, we will affirm a trial court's ruling on a claim of ineffective assistance of counsel unless the ruling is clearly erroneous.[14]

In general, "any criminal trial evidence tending to show that the accused has committed other criminal acts is irrelevant and inadmissible as it tends to place the accused's character into evidence."[15] Such evidence is admissible only if it "is relevant for some other purpose than to show a probability that the defendant committed the crime because he is a man of criminal character,"[16] which is not the case here.[17]

Nevertheless, we cannot say that Quimbley's trial counsel was deficient for failing to object to this testimony. The trial transcript reveals that counsel attacked the testimony on cross-examination, pointing out Deputy Commander Cunningham's failure to mention this incident in previous testimony and directly challenging her veracity. Quimbley did not provide us with the transcript of the motion for new trial;[18] therefore, "absent testimony explaining the trial attorney's rationale," we presume that his decision was a strategic one.[19] And we will only find ineffective assistance of counsel when a strategic decision is so patently unreasonable that no competent attorney would have made it.[20] Because counsel's decision to use Deputy Commander Cunningham's testimony to attack her credibility rather than object to it was not patently unreasonable, the trial court did not err in denying Quimbley's claim of ineffective assistance of counsel.[21]

---

[12] *Davis v. State*, 267 Ga. App. 245, 245-246 (1) (599 SE2d 237) (2004).

[13] (Punctuation omitted.) *Hazelrigs v. State*, 255 Ga. App. 784, 785 (567 SE2d 79) (2002).

[14] See *Chapman v. State*, 273 Ga. 348, 350 (2) (541 SE2d 634) (2001).

[15] *Patterson v. State*, 274 Ga. App. 341, 345 (4) (d) (618 SE2d 81) (2005); see also OCGA § 24-2-2.

[16] *Mikell v. State*, 274 Ga. 596, 598 (2) (555 SE2d 433) (2001).

[17] Compare *Matthews v. State*, 194 Ga. App. 386, 387 (2) (a) (390 SE2d 873) (1990) (law enforcement officer's conversation with third party at alleged drug dealer's house admissible to explain later conduct of officer).

[18] It is Quimbley's burden to provide this court with a complete record. See *Atkins v. State*, 253 Ga. App. 169, 172 (5) (558 SE2d 755) (2002).

[19] *Thomas v. State*, 273 Ga. App. 357, 362 (4) (b) (615 SE2d 196) (2005).

[20] See *Kilpatrick v. State*, 252 Ga. App. 900, 902 (1) (557 SE2d 460) (2001).

[21] See *Cornelius v. State*, 273 Ga. App. 806, 808-809 (2) (a) (616 SE2d 148) (2005) (trial

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 2, 2005.

*James N. Finkelstein*, for appellant.

*J. Brown Moseley, District Attorney, Charles M. Stines, Alan C. Gilmer, Assistant District Attorneys*, for appellee.

---

counsel's decision not to object to investigator's testimony but to use it to attack investigation was not ineffective assistance).