A07A0629. DUKES v. THE STATE.
(645 SE2d 664)

MIKELL, Judge.

Anthony Dukes appeals his conviction of aggravated assault and possession of a firearm during the commission of a crime, challenging the sufficiency of the evidence and the denial of his motion for new trial, which alleged that his trial counsel rendered ineffective assistance. We affirm.

1. We first address Dukes's contention that the evidence was insufficient to support his aggravated assault conviction.

> When evaluating the sufficiency of the evidence, we determine whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. This Court does not reweigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the factfinder's assessment of the weight and the credibility of the evidence.[1]

So viewed, the evidence shows that on the night of October 29, 2004, Kenneth Lamar Walker, Jr., and Tom Boston exchanged words about Walker's girlfriend. The dispute became physical, and the altercation spilled over into the yard of Walker's next-door neighbor, Tiffany Jones. Dukes was babysitting Jones's seven children at the time. Walker testified that after he and Boston settled their disagreement, Dukes came outside "swinging and just going crazy fighting my sister [Yolanda Brown]." Walker saw a big knot on Yolanda's head and began fighting with Dukes. Walker's other sister, Shante Brown, saw what happened to Yolanda and threw a chair at Dukes, which hit him in the nose, bloodying it. According to Shante, Dukes came toward her and was "raging at everybody," so she defended herself. Afterward, Dukes decided to leave, and he said he would kill her when he

---

[1] (Citations and footnotes omitted.) *Anthony v. State*, 276 Ga. App. 107 (1) (622 SE2d 450) (2005).

returned. Walker testified that Dukes was gone about 20 to 30 minutes, returned with a gun, grabbed Shante by the hair, "slung her around, and shot her." Shante testified that after Dukes pulled her by the hair, he hit her in the face with the gun, and she fell onto the porch of her house. Dukes stood over her and shot her in the chest and in the leg. Shante testified that she noticed the gun in Dukes's hand as he approached her.

Dukes testified that he retrieved his pistol from his car and held it behind his back while he was "hitting on" Shante. Dukes claimed that "one of the dudes that was behind me . . . tried to knock my pistol out of my hand. And when they hit my hand it threw my hand forward and I pulled the trigger."

> A person commits the offense of aggravated assault when he uses a deadly weapon to commit an act which places another in reasonable apprehension of immediately receiving a violent injury. Whether a victim has been placed in reasonable apprehension of injury is a question of fact, which may be established by indirect or circumstantial evidence.[2]

On appeal, Dukes argues that the state failed to prove that Shante had been placed in reasonable apprehension of immediately receiving a violent injury. This argument fails, however, because "[i]ntentionally firing a gun at another, absent justification, is sufficient in and of itself to support a conviction of aggravated assault."[3] Determining whether the shooting in this case was intentional or whether it was justified were questions for the jury to resolve, as they depended upon the credibility of the witnesses.[4] "A jury has unlimited discretion to accept or reject a defendant's testimony as a whole, or to accept it in part and reject it in part."[5] Here, the jury was charged on the defenses of accident and justification,[6] and was authorized to reject them. Walker testified that Dukes left the scene after Shante hit him with the chair, was gone for 20 to 30 minutes, returned with a gun, sought out Shante, then shot her. Shante testified that Dukes knocked her down with the gun and stood over her as he shot her at close range. The evidence amply supports the jury's determination

---

[2] (Footnotes omitted.) *Jackson v. State*, 251 Ga. App. 578, 579 (1) (554 SE2d 768) (2001). See OCGA § 16-5-21 (a) (2).

[3] (Citation omitted.) *Love v. State*, 268 Ga. 484, 485 (1) (490 SE2d 88) (1997); *Steele v. State*, 196 Ga. App. 330, 331 (2) (396 SE2d 4) (1990).

[4] See *McGuire v. State*, 243 Ga. App. 899, 900 (1) (534 SE2d 549) (2000) (justification).

[5] (Punctuation and footnote omitted.) Id.

[6] See OCGA §§ 16-2-2 (accident); 16-3-20, 16-3-21 (justification).

that the shooting was not an accident and was not justified.[7] Furthermore, Shante testified that she knew that Dukes had a gun in his hand as he approached her. The presence of a gun "would normally place a victim in reasonable apprehension of being injured violently."[8] This enumeration of error lacks merit.

2. Dukes has failed to sustain his burden of proving that his trial counsel rendered ineffective assistance.

> In order to show ineffective assistance of counsel, [Dukes] must demonstrate that his attorney's trial performance was deficient and that the deficient performance so prejudiced [Dukes] that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different.[9]

Failure to satisfy either prong of this test is fatal to an ineffective assistance claim, and we need not address the deficient performance prong if the showing on the prejudice prong is insufficient.[10] A trial court's ruling on a claim of ineffective assistance of counsel will be affirmed unless it is clearly erroneous.[11]

Dukes claims that counsel was deficient by failing to subpoena witnesses who would have corroborated his testimony; failing to adduce evidence of the victim's propensity for violence; and failing to subpoena the victim's medical records to show that one of her bullet wounds could have been caused by a ricochet. "To establish the prejudicial effect of trial counsel's failure to present certain evidence, an appellant is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of the case."[12] The transcript of the hearing on the motion for new trial is not included in the record on appeal. Absent a proffer of the additional testimony and evidence, "[Dukes] cannot show that there is a reasonable probability that the outcome of the trial would have been different had his counsel taken the suggested course."[13] Furthermore, "[d]eciding what evidence to present or to forego in defending a client charged with a crime is a matter of strategy and tactics," and "matters of reasonable trial strategy and tactics do not

---

[7] See *Free v. State*, 245 Ga. App. 886 (539 SE2d 213) (2000).

[8] (Punctuation and footnote omitted.) *Jackson*, supra at 579 (1).

[9] (Punctuation and footnotes omitted.) *Quimbley v. State*, 276 Ga. App. 174, 176-177 (2) (622 SE2d 879) (2005).

[10] See *Brown v. State*, 225 Ga. App. 49, 51 (1) (b) (483 SE2d 318) (1997).

[11] Id. at 52 (1) (d).

[12] (Punctuation and footnote omitted.) *Pringle v. State*, 281 Ga. App. 230, 234 (2) (a) (635 SE2d 843) (2006).

[13] (Punctuation and footnote omitted.) Id.

amount to ineffective assistance of counsel."[14] Absent testimony explaining trial counsel's rationale for declining to present certain evidence, we presume that his decision was a strategic one.[15]

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED APRIL 26, 2007.

*Barbara B. Claridge*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

---

[14] (Citations and punctuation omitted.) *Nichols v. State*, 281 Ga. 483, 485 (2) (a) (640 SE2d 40) (2007).

[15] See *Quimbley*, supra at 177 (2).