A08A2001. HARRIS v. THE STATE.

(671 SE2d 288)

JOHNSON, Presiding Judge.

A jury found Debra Harris guilty of aggravated assault. Harris appeals, challenging the sufficiency of the evidence. We affirm.

On appeal from a criminal conviction, we construe the evidence favorably to the jury's verdict, and the defendant no longer enjoys a presumption of innocence.[1] We do not weigh the evidence or resolve issues of witness credibility, but merely determine whether the jury

---

[1] *Dukes v. State*, 285 Ga. App. 172 (1) (645 SE2d 664) (2007).

was authorized to find the defendant guilty beyond a reasonable doubt.[2]

So viewed, the evidence shows that on October 26, 2001, William Nelson was drinking alcohol with friends. Harris, who lived nearby, joined the group and began arguing with one of Nelson's friends. When Nelson told them to argue somewhere else, Harris confronted Nelson verbally, then approached him with a knife. Nelson attempted to protect himself with a grill top, but Harris stabbed him several times, including in the face, arm, leg, and back. The wound to his back caused serious and life-threatening injuries, as the knife lacerated Nelson's liver and punctured his lung.

Harris informed police that she stabbed Nelson after he attacked her with the grill top, tossed food seasoning in her face, and hit her with a 12-pack of beer. Responding officers, however, saw no injuries on Harris, and Harris told a friend that she stabbed Nelson because he threw water on her. Nelson also testified that, although he may have cursed at Harris before the stabbing, he did not beat her or throw anything at her.

The state charged Harris with four counts of aggravated assault, alleging that she cut Nelson in the leg, arm, and head, and stabbed him in the back. The jury acquitted Harris of the charges relating to Nelson's leg, arm, and head, but it found her guilty of stabbing him in the back. Challenging this conviction on appeal, Harris argues that she acted in self-defense.

Under OCGA § 16-3-21 (a), a person is justified in using force that is intended or likely to cause death or great bodily injury if "she reasonably believes that such force is necessary to prevent death or great bodily injury to . . . herself." Harris told police that she stabbed Nelson to fend off his unprovoked physical attack. Nelson, however, denied attacking her, and other evidence raised questions about Harris' self-defense claim. As the arbiter of witness credibility, the jury was tasked with resolving this evidentiary conflict and determining whether the stabbing was justified.[3] In doing so, it had "unlimited discretion to accept or reject [Harris'] testimony as a whole, or to accept it in part and reject it in part."[4]

Given the evidence presented, the jury was authorized to disbelieve Harris' self-defense claim and find that she committed aggravated assault by stabbing Nelson in the back without justification, causing severe, life-threatening injuries.[5] Although Harris now sug-

---

[2] Id.

[3] Id. at 173 (1).

[4] (Punctuation and footnote omitted.) Id.

[5] See id. at 173-174 (1); *Chalvatzis v. State*, 265 Ga. App. 699, 701-702 (1) (595 SE2d 558) (2004); OCGA § 16-5-21 (a) (2) (a person commits aggravated assault when she assaults

gests that her acquittal on three counts of aggravated assault renders her conviction on the fourth count suspect, Georgia does not recognize an inconsistent verdict rule.[6] She thus cannot "challenge the factual findings underlying a guilty verdict on one count as inconsistent with the findings underlying a not guilty verdict on a different count."[7]

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

## DECIDED DECEMBER 15, 2008.

*R. Matthew Eunice*, for appellant.

*Richard E. Currie, District Attorney, John A. Rumker, Assistant District Attorney*, for appellee.

---

"[w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury").

[6] See *Sullivan v. State*, 277 Ga. App. 738, 741 (627 SE2d 437) (2006).

[7] (Citation omitted.) Id.