## A01A2200. WATSON v. THE STATE.
### (555 SE2d 896)

MIKELL, Judge.

A jury convicted Randall Dale Watson of five counts of theft by taking, OCGA § 16-8-2, one count of theft by bringing stolen property into the state, OCGA § 16-8-9, and one count of theft by deception, OCGA § 16-8-3. The trial court denied Watson's motion for new trial and granted his motion for an out-of-time appeal. Watson argues that the evidence was insufficient to support his conviction. We disagree and affirm.

On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict. *Paul v. State*, 231 Ga. App. 528 (499 SE2d 914) (1998). We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Williams v. State*, 233 Ga. App. 217 (1) (504 SE2d 53) (1998).

1. Counts 1, 4, 5, 6, and 7 charge Watson with theft by taking three boat trailers, a 225-horsepower boat motor, and a stainless steel propeller. Under OCGA § 16-8-2, a person commits the offense of theft by taking "when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated."

Viewed in the light most favorable to the jury's verdict, the evidence shows that on or about June 1, 1997, an E-Z-Loader boat trailer belonging to Chip Zullinger was stolen from a marina on Tybee Island. Zullinger notified the police and provided them with the serial number of the trailer. Zullinger testified that the trailer was valued at $2,000 and that he did not give Watson permission to take it. Farrin Barber, a resident of Port Royal, South Carolina, testi-

fied that he purchased an E-Z-Loader trailer from Robert Lewis for $1,000 in July 1997. Evidence adduced at trial demonstrated that Lewis, an acquaintance of Watson for "twenty-something years," purchased the trailer from Watson on June 1, 1997, for $800. When Barber learned that the trailer he bought from Lewis was stolen, he turned it over to the authorities, who determined that its serial number matched that of the trailer stolen from Zullinger.

The record further shows that on October 4, 1997, Steve Koskla discovered that his boat trailer had been stolen from the Savannah Bend Marina in Chatham County. Koskla reported the theft to the police and provided them with the serial number of the trailer. Koskla's trailer was recovered in South Carolina. It was later determined that Watson had sold the trailer to Lewis, who sold it to a third party, Willie Seabrook. Koskla testified that he did not know Watson, nor did he give Watson permission to possess the trailer.

Also in October 1997, a triple-axle special heavy-hauling E-Z-Loader boat trailer valued at approximately $9,000 was stolen from Boater's Dream World/Boater's Paradise ("Boater's Dream World") in Thunderbolt, Georgia. Lynn Jordan, the owner of Boater's Dream World, testified regarding the theft of the trailer and further testified that a 225-horsepower Mercury boat motor worth $13,000 had been stolen from his business in December 1996. Jordan provided the serial numbers of both the motor and the trailer. He further testified that he never gave Watson permission to possess the motor or the trailer.

Lewis testified that Watson and another man brought a 225-horsepower Mercury motor to his home in December 1996. He further testified that he purchased the motor from Watson for $2,000, after Watson produced a document purported to be a bill of sale for the motor. According to Lewis, he purchased an E-Z-Loader trailer from Watson on October 27, 1997. Lewis identified a bill of sale for the trailer prepared by Watson.

Joel O'Quinn, an officer in the marine patrol division of the South Carolina Department of Natural Resources, testified that he went to Lewis' residence in Port Royal, South Carolina, on March 10, 1998, after receiving a report that Lewis might have stolen boat trailers in his possession. Lewis consented to a search of his home, and O'Quinn discovered both the motor and trailer stolen from Boater's Dream World. The officer identified the stolen property by the serial numbers. In the course of his investigation, O'Quinn learned that Lewis had been in possession of the trailers stolen from Zullinger and Koskla before selling them. O'Quinn testified that Lewis provided statements to the authorities admitting that the stolen trailers and motor had been delivered to him by Watson.

On March 8, 1998, Robert Daniel discovered that his 15-pitch

Mirage stainless steel boat propeller had been stolen from the same marina on Tybee Island where Zullinger's trailer was stolen. Daniel reported the theft to the police. Edward Ubaly, a certified boat mechanic and an acquaintance of Watson, testified that Watson offered to sell him five boat propellers on March 13, 1998. Ubaly testified that he purchased all five propellers and that he was subsequently caught with them by the Thunderbolt police. The authorities seized the propellers, and Daniel identified one of them as his stolen propeller.

We conclude that the evidence in the record was sufficient for a rational trier of fact to find the essential elements of theft by taking beyond a reasonable doubt for all five counts. See *Jackson,* supra; *Green v. State*, 223 Ga. App. 467, 468-469 (1) (477 SE2d 895) (1996).

2. We also find the evidence sufficient to support Watson's conviction for Count 2, which charged him with theft by bringing stolen property into the state. OCGA § 16-8-9 provides that "[a] person commits the offense of theft by bringing stolen property into this state when he brings into this state any property which he knows or should know has been stolen in another state." See also *Cunningham v. State*, 222 Ga. App. 740, 742 (1) (b) (475 SE2d 924) (1996).

The record shows that an aluminum triple-axle boat trailer was discovered missing from East Coast Marine in Burton, South Carolina, on December 25, 1997. Ray Horn, the owner of East Coast Marine, testified that he noticed the chain blocking the entrance to his business had been cut and that the trailer was missing. Horn further testified that the missing trailer was new and that its value was $3,800. Horn reported the theft to the police and provided them with the serial number of the trailer. He testified that he subsequently received a call from the police department in Thunderbolt, notifying him that they had recovered his stolen trailer. Horn went to Georgia where he identified the trailer, and the police returned it to him. Horn testified that he did not know Watson and that he did not give Watson permission to be in possession of the trailer or to remove it from South Carolina.

Stanley Baker, an acquaintance of Watson, testified at trial that Watson approached him on December 25, 1997, to ask if he knew where Watson could obtain a vehicle with a trailer hitch on it. Baker further testified that after Watson located a suitable truck, he asked Baker to ride with him to retrieve a boat trailer and promised to pay Baker $100. According to Baker, the two men arrived at a marine business near Beaufort, South Carolina,[1] at approximately 1:00 that

---

[1] According to Horn's testimony, Burton, where East Coast Marine is located, is "right outside of Beaufort."

afternoon. No one was present at the business. Baker testified that Watson removed the chain blocking the entrance. Next, Watson backed the truck up to a trailer Baker described as aluminum with three axles. Baker further testified that they hooked the trailer to the truck, removed it from the marine lot, and drove it back to Georgia, where they proceeded to the home of Charles Smith in Thunderbolt. According to Baker, Watson said he was going to pawn the trailer.

Viewed with all inferences in favor of the jury's verdict, the evidence adduced at trial was sufficient to enable a rational trier of fact to find Watson guilty of theft by bringing stolen property into the state.

3. Finally, we conclude that the evidence was sufficient to support Watson's conviction of theft by deception. OCGA § 16-8-3 provides:

> (a) A person commits the offense of theft by deception when he obtains property by any deceitful means or artful practice with the intention of depriving the owner of the property. (b) A person deceives if he intentionally: . . . (4) Sells or otherwise transfers or encumbers property intentionally failing to disclose [an] . . . adverse claim, or other legal impediment to the enjoyment of the property.

The evidence shows that Watson sold Smith the trailer stolen from East Coast Marine without disclosing the fact that it was stolen. Smith testified that he purchased a trailer from Watson and Baker on December 25, 1997, and that he paid for it with two checks. Smith identified one check for $100 payable to Baker and another for $800 payable to Watson. Smith testified that Watson provided him with a bill of sale for the trailer. Smith contacted the Thunderbolt Police Department after the sale when he discovered that the serial number on the trailer did not match the one in the bill of sale. The trailer was subsequently seized by the police and identified by Horn as the one stolen from his business.

Because we find that the evidence would authorize a rational trier of fact to find Watson guilty of theft by deception beyond a reasonable doubt, we affirm.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED NOVEMBER 1, 2001.

*Thomas J. Gustinella*, for appellant.

*Spencer Lawton, Jr., District Attorney, Ronald M. Adams, Assistant District Attorney*, for appellee.