## A05A1527. DRAKE v. THE STATE.
(619 SE2d 380)

BLACKBURN, Presiding Judge.

Following a jury trial, John Drake appeals his conviction on three counts of theft by taking, four counts of theft by deception, and one count of entering an automobile with intent to commit a theft. He argues that (1) the evidence was insufficient to support his conviction, (2) certain similar transactions were improperly admitted, and (3) he received ineffective assistance of counsel. Finding no error, we affirm.

1. Drake contends that the evidence was insufficient to support the verdict. "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the elements of the crime beyond a reasonable doubt." *Jackson v. Virginia.*[1] "We do not address [Drake's] allegations concerning the weight of the evidence, as those are properly directed to the trial court alone." *Leeks v. State.*[2]

Construed in favor of the prosecution, the evidence shows that someone stole tools from the trucks of three separate victims while they were parked at adjacent home improvement stores. One victim had a power drill, two power saws, and a toolbox containing various hand tools stolen from the bed of his pickup truck while parked at a Lowe's home improvement store. A second victim had three power drills and other power tools stolen from his truck while parked at a Home Depot home improvement store across the street. A third victim had a power saw and a power drill stolen from the cab of his pickup truck while parked at the same Home Depot. A subsequent investigation determined that Drake had soon after each theft pawned some of the stolen items from each theft at local pawn shops. When police questioned Drake about the pawned items, he responded that they all belonged to him and had not been stolen.

"[E]vidence of recent, unexplained possession of stolen goods is sufficient to support a conviction for theft by taking." (Punctuation omitted.) *Jefferson v. State.*[3] Drake's unexplained possession of the stolen items, which he pawned soon after the thefts, supported his conviction on the counts for theft by taking. Id. at 63-64 (1). See OCGA § 16-8-2.

Regarding the count of entering an automobile,[4] circumstantial evidence showed that some of the items that Drake pawned were

---

[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

[2] *Leeks v. State*, 226 Ga. App. 227 (1) (483 SE2d 691) (1997).

[3] *Jefferson v. State*, 273 Ga. App. 61, 62 (1) (614 SE2d 182) (2005).

[4] OCGA § 16-8-18.

removed from the cab of one of the trucks. Drake's recent, unexplained possession of the items stolen from the vehicle's cab supported an inference that he committed the theft and therefore that he had entered the vehicle with intent to commit a theft. *Sinclair v. State.*[5]

The evidence was also sufficient to support Drake's convictions for theft by deception. According to OCGA § 16-8-3:

(a) A person commits the offense of theft by deception when he obtains property by any deceitful means or artful practice with the intention of depriving the owner of the property. (b) A person deceives if he intentionally . . . [s]ells or otherwise transfers . . . property intentionally failing to disclose [an] . . . adverse claim, or other legal impediment to the enjoyment of the property.

Representing himself as the legal owner of the tools, Drake did not disclose to the pawn shops that he had stolen the tools. Relying on his misrepresentation, the pawn shops purchased the items from Drake. Based on these facts, the jury was authorized to find Drake guilty of theft by deception. *Watson v. State;*[6] *Stone v. State.*[7]

2. Drake next assigns error to the admission of certain similar transaction evidence. Having only objected to the admission of this evidence in the pre-trial hearing, and not at trial, Drake has waived this error. *McClarity v. State.*[8] "The rule requiring a trial objection on similar transaction evidence is firm in Georgia jurisprudence, and we are bound to follow it. Consequently, [Drake's] failure to object to the similar transaction evidence at trial waived further review of the issue." *Chastain v. State.*[9]

Nevertheless, because Drake has raised the lack of an objection as a basis for ineffective assistance of counsel, we address the merits of his claim. To admit evidence of independent acts, the State must show an appropriate purpose, sufficient evidence to establish that the accused committed the independent act, and a sufficient connection between the independent act and the crime charged. *Williams v. State.*[10] The trial court's decision to admit similar transaction evi-

---

[5] *Sinclair v. State*, 248 Ga. App. 132, 133 (1) (546 SE2d 7) (2001).

[6] *Watson v. State*, 252 Ga. App. 244, 247 (3) (555 SE2d 896) (2001).

[7] *Stone v. State*, 166 Ga. App. 245 (1) (304 SE2d 94) (1983).

[8] *McClarity v. State*, 234 Ga. App. 348, 349 (2) (506 SE2d 392) (1998).

[9] *Chastain v. State*, 239 Ga. App. 602, 605 (2) (521 SE2d 657) (1999).

[10] *Williams v. State*, 251 Ga. 749, 755 (4) (312 SE2d 40) (1983).

dence will not be disturbed absent an abuse of discretion. *Brooks v. State.*[11]

Following a pre-trial hearing held pursuant to Uniform Superior Court Rule 31.3 and compliant with *Williams,* supra, the trial court granted the State's motion to present similar transaction evidence consisting of two entering-an-automobile convictions, one burglary conviction, and two prior instances of stealing tools from trucks in hardware store parking lots. The similar transactions were proffered for the appropriate purpose of showing Drake's course of conduct. *Johnson v. State.*[12] In each of the prior occurrences, Drake stole items intending to resell them (often entering automobiles and stealing power tools), and then immediately sold or attempted to sell the items to pawn shops. To be admissible, the similar transactions need not be identical to the charged crimes so long as there is a logical connection. *Gray v. State.*[13] The independent acts in question were sufficiently connected to the crimes charged to be admitted as similar transactions. Id. We discern no abuse of discretion in admitting the similar transaction evidence.

3. Drake next contends that he received ineffective assistance of counsel in that trial counsel did not move for a directed verdict, did not call an essential witness, and did not object to the similar transaction testimony.

Proving ineffective assistance of counsel requires Drake to satisfy the following two-prong test:

First, appellant must show that counsel's performance was deficient; second, he is required to show that he was prejudiced by counsel's deficient performance. There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance, and that any challenged action by trial counsel might be considered sound trial strategy. As to the second prong, the question is whether there exists a reasonable probability that, but for his counsel's errors, the jury would have had a reasonable doubt regarding appellant's guilt, that is, but for counsel's unprofessional errors, the result of the proceeding would have been different.

---

[11] *Brooks v. State,* 230 Ga. App. 846 (1) (498 SE2d 139) (1998).

[12] *Johnson v. State,* 242 Ga. 649, 653 (3) (250 SE2d 394) (1978).

[13] *Gray v. State,* 260 Ga. App. 197, 199 (2) (a) (581 SE2d 279) (2003).

*Ross v. State.*[14] See *Strickland v. Washington.*[15] On appeal, our review is whether the trial court's findings on this issue were clearly erroneous. *Allen v. State.*[16]

We have already held that the evidence was sufficient to support the conviction, and that the similar transactions were properly admitted. Counsel therefore was not deficient in failing to request a directed verdict or to exclude the similar transactions. See *Owens v. State*[17] (failure to file futile motions or raise futile objections cannot constitute ineffective assistance).

Regarding counsel's failure to call an essential witness, Drake has presented us with no proffer of this person's testimony. "The failure of trial counsel to employ evidence cannot be deemed to be 'prejudicial' in the absence of a showing that such evidence would have been relevant and favorable to the defendant." (Punctuation omitted.) *Ross*, supra at 796 (1). Accordingly, because Drake failed to make any proffer of the uncalled witness's testimony, "it is impossible for him to show there is a reasonable probability the results of the proceedings would have been different." (Punctuation omitted.) Id.

The trial court did not clearly err in finding that Drake failed to prove his ineffective assistance claim.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED AUGUST 3, 2005.

*Willie C. Weaver*, for appellant.

*Kenneth B. Hodges III, District Attorney, Christopher S. Cohilas, Assistant District Attorney*, for appellee.

---

[14] *Ross v. State*, 231 Ga. App. 793, 795 (1) (499 SE2d 642) (1998).

[15] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[16] *Allen v. State*, 277 Ga. 711, 712 (3) (593 SE2d 662) (2004).

[17] *Owens v. State*, 271 Ga. App. 365, 370 (5) (609 SE2d 670) (2005).