## A08A2321. ROUSE v. THE STATE.

(670 SE2d 869)

ELLINGTON, Judge.

A Chatham County jury found Lemuel Rouse guilty beyond a reasonable doubt of kidnapping with bodily injury, OCGA § 16-5-40; three counts of aggravated assault, OCGA § 16-5-21 (a) (2); two counts of aggravated battery, OCGA § 16-5-24 (a); and possession of a firearm during the commission of a crime, OCGA § 16-11-106 (b). He appeals from the denial of his motion for new trial, contending that the trial court erred in failing to merge some of his convictions and in finding that trial counsel's representation of him did not constitute ineffective assistance. For the following reasons, we disagree and affirm.

1. Rouse argues that the trial court erred in failing to merge his convictions for aggravated assault and aggravated battery with his conviction for kidnapping with bodily injury. Essentially, he argues that all of his acts against the victim, from the time he began attacking the victim until the victim escaped several hours later, as well as all of the victim's resulting injuries, should have been considered part of the single completed act of kidnapping with bodily injury. We disagree.

> Georgia's statutory bar to successive prosecutions and multiple convictions for the same conduct, OCGA § 16-1-7, is more expansive than the constitutional proscription of double jeopardy. OCGA § 16-1-7 (a) sets forth the substantive bar of double jeopardy by providing that an accused may be *prosecuted* for each crime that arises from the accused's conduct, but an accused may not be *convicted* of more than one crime, if one crime is included in the other. Thus, Georgia law bars conviction and punishment of all crimes which arise from the same criminal conduct and are as a matter of law or a matter of fact included in the major crime for which the defendant has been convicted.

(Citations and punctuation omitted; emphasis in original.) *Curtis v. State*, 275 Ga. 576, 577 (1) (571 SE2d 376) (2002). In determining whether there are two separate offenses or one crime is included in the other, Georgia's courts apply the "required evidence" test. *Williams v. State*, 293 Ga. App. 193, 195 (1) (666 SE2d 703) (2008).

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the [required evidence test] is whether each provision requires proof of a fact which the other does not. As [the Supreme Court of Georgia]

stated previously, a single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.

(Citation and punctuation omitted.) Id. See also *Drinkard v. Walker*, 281 Ga. 211, 214-217 (636 SE2d 530) (2006) (adopting the "required evidence" test for determining when one crime is included in another under OCGA § 16-1-6 (1), and overruling cases which are inconsistent with that test).

The evidence in this case showed that, on March 4, 2006, the victim was working on Rouse's truck when a friend asked him if he could borrow the truck for an hour in exchange for $50 worth of crack cocaine.[1] The victim agreed, then fell asleep while waiting for the friend to return. Several hours later, the friend still had not brought back the truck. Rouse woke up the victim by shaking him and demanding to know where his truck was. Rouse had a stick in one hand and a pistol in the other. At first, the victim lied to Rouse, telling him the truck was parked behind the house. Rouse repeatedly hit the victim with the pistol, and fired three shots into the floor near the victim. After the victim told Rouse the truth about the truck, Rouse started hitting him all over his body with the stick.

Rouse then knocked the victim onto the floor and tied the victim's feet and hands together with a nylon rope and electrical tape. Rouse tied the victim's wrists so tightly that he cut off the circulation to the victim's hands, and he wrapped the rope around the victim's neck. Rouse told the victim that he was going to kill him. Rouse and two friends[2] dragged the victim into the living room and kicked and stomped on him while the victim screamed and pleaded for help. Rouse kicked the victim in the face, nose and mouth, and even ran up to and kicked the victim's face like he was kicking a field goal; in the process, Rouse knocked out two of the victim's teeth and broke his nose.

Rouse and his friends stopped beating the victim periodically and went to smoke crack in an adjacent room; they put a generator

---

[1] Although not relevant to the issues raised on appeal, the evidence showed that the victim was addicted to crack cocaine, and Rouse was both a user and seller of crack cocaine. Rouse, the victim and other people lived together in what was described at trial as a "crack house."

[2] Rouse's friends, James Wilkinson and Willie Connor, were charged as co-defendants and tried with Rouse. Wilkinson testified about Rouse's abuse of the victim, but denied that he (Wilkinson) had kicked or otherwise touched the victim. The jury convicted Wilkinson of simple battery, aggravated battery, aggravated assault and kidnapping with bodily injury. Connor rejected a guilty plea offer and did not testify at trial. The jury acquitted Connor on all charges.

on top of the victim so that he could not escape. At one point, Rouse took a butane torch that he used to light a crack pipe and burned the victim's ears, hand, stomach and back. Rouse also heated up a silver tube and held it on the victim's hand, seriously burning it and causing him excruciating pain. Rouse gagged the victim because he was afraid someone might hear him screaming and pleading for his life. In addition, Rouse repeatedly tried to cut off the victim's fingers with a bolt cutter, but the victim avoided it by balling up his fist. Rouse eventually stopped trying and, instead, hit the victim across the feet with the tool.

Rouse then wrapped up the victim in a sleeping bag and dragged him out of the house, off the porch, and into a truck. The victim was taken to Rouse's house, where Rouse said that he was going to tie a chain around the victim and throw him in the river. Rouse took the victim to another location, however, and took him out of the sleeping bag and put him into the back of a Ryder van. Rouse tied the victim to some wooden planks and said he was going to torture the victim until he died. Rouse then picked up a planter and dumped a bed of fire ants onto the victim's back. According to the victim, it seemed like there were thousands of ants that were "eating [him] alive," but he could not do anything to stop them.

Shortly thereafter, someone called Rouse on his cell phone and asked to buy $200 of crack cocaine. Rouse told the caller that he was "just going to have to kill this m___-f___ later," and that he would bring the drugs to the caller. Rouse piled some wooden pallets on the victim, told him that he was going to beat him to death when he got back, and left. The victim was able to free himself and escape to a nearby swamp, where he heard some children playing and was able to get a woman to call the police. The police found the victim standing by the swamp, still tied at the wrists and ankles. He was severely injured, with a broken nose, missing teeth, a broken wrist, shoulder and kneecap, severe bruises and swelling on his feet and ankles, severe burns on his hand and torso, and numerous ant bites all over his upper body. In addition, his hands were still numb days later from being tightly bound, and he had cuts around his neck from the nylon rope.

In its order denying Rouse's motion for new trial, the court properly found that the crimes did not merge because aggravated assault, aggravated battery and kidnapping each required proof of at least one different element, and the State presented independent evidence to prove each individual crime as set forth in the indictment. Specifically, evidence that Rouse pointed a gun at the victim and fired it at the floor near him three times established aggravated assault with a deadly weapon, as charged in Count 1 of the indictment. Evidence that Rouse used a wooden stick which resembled a

baseball bat to repeatedly hit the victim established the aggravated assault as charged in Count 3. The victim testified that Rouse hit and kicked him several times while he was tied up, which supported the aggravated assault as charged in Count 4. The aggravated battery charged in Count 5 was established through evidence that Rouse broke the victim's nose, wrist and shoulder, and knocked out two of his teeth. And the State proved Count 6, aggravated battery, by showing that Rouse disfigured the victim's hand by burning him and caused the victim to be bitten repeatedly by fire ants. As for the kidnapping with bodily injury count, there was evidence of injuries to the victim's neck, hands and feet due to being bound by the rope; none of this evidence was used to prove the other charges.

Thus, the court properly found that the crimes did not merge. *Drinkard v. Walker*, 281 Ga. at 214-217; *Williams v. State*, 293 Ga. App. at 195 (1); see *Phillips v. State*, 284 Ga. App. 683, 685 (1) (b) (644 SE2d 535) (2007) ("evidence of any physical injury, however slight, satisfies the bodily injury element necessary to establish kidnapping with bodily injury") (citation and punctuation omitted); *Hill v. State*, 279 Ga. App. 666, 668-669 (2) (632 SE2d 443) (2006) (because kidnapping is not a continuing offense, it was complete when the defendant seized the victims and forced them into an office; therefore, trial court properly declined to merge the kidnapping conviction with convictions for aggravated assault and armed robbery, which were based upon acts that were separate from the kidnapping).

2. Rouse claims that his trial counsel provided ineffective assistance because he failed to adequately prepare for trial, failed to properly impeach the victim with his criminal drug convictions, and failed to call an alibi witness to testify on his behalf at trial. We disagree.

> In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)[.] The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. [As the appellate court, we] accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.

(Citations and punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 75-76 (586 SE2d 313) (2003). "As a general rule, matters of reasonable tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel." (Citation and punctuation omitted.) *Grier v. State*, 273 Ga. 363, 365 (4) (541 SE2d 369) (2001).

In his argument on this alleged error in his appellate brief, Rouse has failed to cite to any facts in the record to support his claim that his trial counsel provided ineffective assistance. Even so, the record shows that counsel testified at the motion for new trial hearing about his preparation for trial, his consultation with Rouse, and his trial strategy, and he stated that he had no memory or record of Rouse ever giving him the name of a possible alibi witness. The court subsequently found that counsel was "an experienced criminal defense lawyer who investigated the case, conducted discovery, engaged in thorough vigorous cross examination of the witnesses and presented a defense theory based on credibility of the testimony of the victim and other witnesses." We find no error in the court's conclusion that Rouse failed to carry his burden of proof regarding his claims that counsel was unprepared and ineffective at trial. *Robinson v. State*, 277 Ga. at 75-76 (this Court accepts trial court's findings of fact and credibility determinations unless they are clearly erroneous).

Further, Rouse failed to present any admissible evidence regarding what the alleged alibi witness would have said if counsel had called her to testify at trial. Thus, he failed to demonstrate that the testimony would have been so favorable to his defense that there was a reasonable likelihood it would have changed the outcome of the trial. See *Robinson v. State*, 278 Ga. 31, 35 (3) (b) (597 SE2d 386) (2004) (in order to demonstrate the prejudicial effect of counsel's failure to call a witness at trial, the defendant is required to make an affirmative showing that specifically demonstrates how such failure affected the outcome of his case).

To the extent that Rouse argues that counsel failed to "properly" impeach the witness with his drug convictions, the record shows that counsel cross-examined the victim about his two felony drug convictions. Moreover, Rouse waived this argument by failing to raise it in the court below. *Lipsey v. State*, 287 Ga. App. 835, 839 (4) (652 SE2d 870) (2007) ("A defendant has an obligation to raise all allegations of ineffective assistance of counsel at the earliest practicable moment, and any allegation not raised is deemed waived.") (punctuation and footnote omitted).

Finally, as the trial court found, even if counsel had provided ineffective assistance, the evidence of Rouse's guilt was overwhelming and, therefore, Rouse failed to show that there is a reasonable probability that the outcome of the trial would have been any

different but for counsel's alleged errors. See *Adams v. State*, 276 Ga. App. 319, 324 (6) (a) (623 SE2d 525) (2005) (in order to prevail on an ineffective assistance claim, the defendant must show both that counsel's representation was deficient and that he was prejudiced thereby).

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED DECEMBER 2, 2008.

*Martin G. Hilliard*, for appellant.

*Spencer Lawton, Jr.*, District Attorney, *Thomas M. Cerbone, Margaret E. Heap*, Assistant District Attorneys, for appellee.