## A09A1019. ADAMS v. THE STATE.
### (686 SE2d 390)

PHIPPS, Judge.

Mario Adams appeals his conviction for cocaine possession. He contends that the trial court erred by denying his motion for mistrial, which was based upon testimony he claims constituted an improper and prejudicial comment upon his choice to remain silent. Because Adams has demonstrated no reversible error, we affirm.

The state's evidence showed that shortly after 9:00 p.m. on October 25, 2007, two officers drove into a store parking lot. Immediately, within the area illuminated by the patrol car's headlights, the officers saw Adams. Adams began walking toward the patrol car, then veered toward nearby bushes, before abruptly making a throwing motion toward the direction of the bushes. The officers got out of the car to investigate. One of the officers, an investigator with a drug task force, searched the apparent target area of Adams's throwing motion. The other one, a patrol officer, approached Adams.

The investigator found underneath the bushes suspected cocaine, packaged in a clear wrapper. He determined that the item had been there only briefly because it was lying atop a pile of trash and there were no leaves, dust, or other materials on top of it. He

---

retrieved the suspected contraband, and a forensic chemist later determined that the substance inside the wrapper tested positive for cocaine and weighed 3.25 grams.

The testimony at issue in this appeal was given by the patrol officer. The prosecutor asked him, "When you approached Mr. Adams, what did you say to him?" The officer answered, "I asked him what did he throw in the bushes. He never would say when I asked what he throwed in the bushes." Adams's immediate motion for mistrial was denied. And on appeal, Adams maintains that the officer's testimony was an improper and prejudicial comment upon his silence and that the trial court erred by denying his motion for mistrial.

In *Mallory v. State*,[1] the Supreme Court of Georgia held that, in criminal cases, a comment upon a defendant's silence or failure to come forward is not allowed, even where the defendant had not received *Miranda* warnings.[2] The Court reaffirmed that holding in *Reynolds v. State*:[3] "[U]nder certain circumstances, a defendant's silence or inaction, will rise to the level of an admission; certainly in the situation of a criminal defendant, this failure to speak or act will most often be judged as evidence of the admission of criminal responsibility."[4]

> However, an improper comment on the defendant's silence does not necessarily require a reversal. The grant or denial of a mistrial is within the trial court's discretion, and the appellate court will not interfere with the trial court's exercise of that discretion unless it is clear that a mistrial was essential to preserve the right to a fair trial.[5]

While we agree with Adams that the officer's testimony was an improper comment upon his silence, we do not find that the trial court committed reversible error in denying his motion for mistrial. Where an instruction by the trial court would cure any unfair prejudice to the defendant, a mistrial is not essential to the preservation of the right to a fair trial.[6] After Adams's motion for mistrial

---

[1] 261 Ga. 625 (409 SE2d 839) (1991), overruled on other grounds, *Clark v. State*, 271 Ga. 6, 9-10 (5) (515 SE2d 155) (1999).

[2] *Mallory*, supra at 630 (5).

[3] 285 Ga. 70 (673 SE2d 854) (2009).

[4] Id. at 71.

[5] *Whitaker v. State*, 283 Ga. 521, 524 (3) (661 SE2d 557) (2008) (citation and punctuation omitted); see *Hill v. State*, 250 Ga. 277, 283 (4) (a) (295 SE2d 518) (1982) (improper reference to a defendant's silence does not automatically require reversal).

[6] See *Berryhill v. State*, 285 Ga. 198, 203 (5) (674 SE2d 920) (2009) (where trial court gave an appropriate curative instruction, there was no abuse of discretion in denying the motion for a mistrial); *Heard v. State*, 291 Ga. App. 550, 553-554 (2) (662 SE2d 310) (2008) (where trial

was denied, Adams elected not to request any form of curative instruction, and the trial court did not give such an instruction sua sponte. While a curative instruction would have removed any unfair prejudice created by the officer's testimony, "[Adams's] failure to request a curative instruction constitutes a waiver of any appellate issues regarding the [failure to give] such an instruction to the jury."[7]

Furthermore, the record reveals that after the court denied Adams's motion for mistrial, the prosecutor did not follow up on the complained-of testimony with either that officer or any other witness. Closing arguments are not transcribed in the record; consequently, we are unable to ascertain whether the prosecutor referred therein to the officer's cited testimony.

Adams would have been entitled to a curative instruction had he sought one, but he did not. He sought only the declaration of a mistrial, but a mistrial was not essential to preserve the right to a fair trial.[8] The trial court did not abuse its discretion in denying Adams's motion.[9]

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED NOVEMBER 5, 2009.

*Ronald R. Parker*, for appellant.
*Joseph K. Mulholland, District Attorney*, for appellee.

---

court gave curative instructions and the state made no further reference to defendant's silence, reversible error did not result from the refusal to grant a mistrial).

[7] *Underwood v. State*, 218 Ga. App. 530, 534 (3) (462 SE2d 434) (1995) (citation omitted); see *Rowe v. State*, 276 Ga. 800, 805-806 (4) (582 SE2d 119) (2003) (any complaint that the trial court erred in failing to give curative instructions to jury was unavailing, where appellant had not requested any such instruction at trial).

[8] See *Berryhill*, supra; *Hill*, supra; *Heard*, supra. See generally *Wright v. State*, 275 Ga. 427, 428 (2) (569 SE2d 537) (2002), overruled on other grounds, *Wilson v. State*, 277 Ga. 195, 199 (2) (586 SE2d 669) (2003); compare *Maynard v. State*, 282 Ga. App. 598, 599-602 (2) (639 SE2d 389) (2006) (reversible error occurred where prosecutor deliberately and repeatedly placed the defendant's silence before the jury).

[9] See *Whitaker*, supra.