## A10A0785. HOWARD v. THE STATE.
(699 SE2d 114)

MILLER, Chief Judge.

A jury convicted Cecil Howard of two counts of entering an automobile (OCGA § 16-8-18) and one count of possession of tools for the commission of a crime (OCGA § 16-7-20). Howard appeals, following the denial of his motion for new trial, contending that (i) the evidence was insufficient to support his convictions; (ii) the trial court erred as to certain evidentiary rulings; and (iii) trial counsel was ineffective. Discerning no error, we affirm.

Viewed in the light most favorable to the jury's verdict (*Dukes v. State*, 285 Ga. App. 172 (1) (645 SE2d 664) (2007)), the evidence shows that in the early morning hours of September 21, 2003, Kelly Poper observed a man breaking into a car in a parking lot on Spring Street. Using his fists to break the window, the man reached inside, removed items from the car, and departed on foot. Poper called the police to report the crime, describing the man and the vehicle. That same morning, City of Atlanta Police Officer Michael Condit and his partner responded to a radio report of the break-in and proceeded to Spring Street. Within five minutes of receiving the call, Officer Condit observed a man walking up 16th Street from Spring Street who fit the description of the perpetrator relayed by dispatch. Howard was carrying a bag which contained stereo equipment, CDs, a phone charger, and other car accessories. Inside Howard's left hip waistband was a large screwdriver. The officers detained Howard and returned to the scene with him, where they observed that two vehicles had been broken into. The passenger door of one car appeared to have been pried open with a screwdriver, and the driver's window of a second car was broken.

Harry Grove testified that at approximately midnight on September 21, 2003, he left his recording studio with his co-worker,

Ryan Wexler, and discovered that his Acura Integra had been broken into. The driver's window was shattered, and there was glass "all over the place." The passenger's side window had pry marks on it, and the center console had been damaged by a brick, which was found inside the vehicle. Wexler's vehicle, a Mustang GT, which was parked behind Grove's car, had also been broken into. The driver's window was shattered; glass covered the ground; and there was a cinder block inside his car. When Officer Condit showed the victims the property they had recovered from Howard, Grove identified several CDs belonging to him, and Wexler indicated that a black leather CD case, cruise card, and Samsung phone charger were taken from his vehicle.

Jackie West testified that he and Howard had gone downtown in the early morning hours of September 21, 2003. When they returned home by bus, a homeless man approached them, asking for money. Howard gave the man $2.00 and received a bag in exchange.

1. The foregoing evidence was sufficient to convict Howard beyond a reasonable doubt of two counts of entering an automobile and one count of possession of tools during the commission of a crime.

(a) *Entering an automobile.* In order to prove the offense of entering an automobile as alleged in the accusation, the State was required to prove that Howard entered an automobile with the intent to commit a theft. OCGA § 16-8-18. The State "must, of necessity, rely on circumstantial evidence in proving intent." (Citation and punctuation omitted.) *Pound v. State*, 230 Ga. App. 467, 468 (2) (496 SE2d 769) (1998). Evidence of defendant's recent, unexplained possession of items stolen from a car supports an inference that he entered an automobile with the intent to commit a theft. *Drake v. State*, 274 Ga. App. 882, 883 (1) (619 SE2d 380) (2005).

It is undisputed that Howard was found in possession of the victims' stolen property shortly after the crime was reported and in close proximity to the crime scene. Howard matched the description of the perpetrator given to police; valuables were present inside both vehicles (*Palmer v. State*, 243 Ga. App. 656, 657 (533 SE2d 802) (2000)); Howard possessed a screwdriver, a tool commonly used to break in to vehicles; and prying marks on one of the car's doors was consistent with the use of a screwdriver. Accordingly, the jury was authorized to find that the evidence, though circumstantial, was more than sufficient to find Howard guilty of two counts of entering an automobile. See *Davis v. State*, 263 Ga. App. 230, 231 (1) (587 SE2d 398) (2003) (evidence that defendant possessed burglary tools and items stolen from victim's vehicle was sufficient to find defendant guilty of entering an automobile).

(b) *Possession of tools for the commission of a crime.* In light of

the foregoing evidence, Howard's possession of the screwdriver was sufficient to support his conviction for possession of tools for the commission of a crime. See OCGA § 16-7-20 (a).

2. Howard argues that the trial court erred in (i) allowing Officer Condit to testify about Poper's description of him; (ii) denying his motion for mistrial after Officer Condit commented on his right to remain silent; and (iii) injecting its personal opinion as to the "good lawyering" of the prosecutor. We reject each of these claims.

"Admission of evidence is a matter committed to the sound discretion of the trial court, and the trial court's evidentiary decisions will not be disturbed on appeal absent an abuse of discretion." (Citation, punctuation and footnote omitted.) *Dyer v. State*, 298 Ga. App. 327, 331 (3) (680 SE2d 177) (2009).

(a) *Officer Condit's testimony regarding radio call.*

Officer Condit testified that he received a radio call of a car break-in near Spring Street, which described the perpetrator, and proceeded to that area with his partner. Howard's trial counsel objected on hearsay grounds because Poper, who had previously testified, did not describe Howard or identify him in court. Since Officer Condit did not relate the exact words that had been provided by dispatch but only explained his actions after receiving the radio call, his testimony was not hearsay. See *Hurston v. State*, 194 Ga. App. 226 (390 SE2d 119) (1990) ("[T]estimony is considered hearsay only if the witness is testifying to another party's statement in order to prove or demonstrate the truth of that statement.") (citations omitted); OCGA § 24-3-1 (a).

(b) *Officer Condit's comment on Howard's right to remain silent.*

We apply an abuse of discretion standard to the trial court's denial of a motion for mistrial, and we "will not interfere with the trial court's exercise of that discretion unless it is clear that a mistrial was essential to preserve the right to a fair trial." (Punctuation and footnote omitted.) *Adams v. State*, 300 Ga. App. 775, 776 (686 SE2d 390) (2009).

While cross-examining Officer Condit, Howard's counsel inquired whether he collected any fingerprint or fiber evidence; checked inside the car for any clothing that was left behind; took any photographs of the victims' cars; or called a crime scene technician to the scene. The officer responded in the negative to each question. Howard's counsel then asked: "So basically you had [Howard] and . . . a bag full of items that [the victims] are saying are theirs and that's basically where the investigation stopped, correct?" Officer Condit responded, "[Howard] [could not] give an explanation as to where he got the property." Based on the officer's comment that Howard failed to explain the bag's contents, Howard's counsel

moved for a mistrial, but he did not request a curative instruction. The trial court denied the motion, stating:

> [Counsel] asked one too many questions . . . and . . . persisted in a line of three[,] four, [or] five questions of saying you didn't have any basis for making a probable cause decision and [Officer Condit] [is] simply setting forth the ingredients which he considered in making . . . the best decision which has to be made.

Even assuming the officer's comment was improper, given the strength of the evidence (Division 1, supra), counsel's failure to request a curative instruction, and the fact that the prosecutor did not capitalize on Howard's lack of explanation concerning the bag, the trial court did not abuse its discretion in denying Howard's motion for mistrial. *Adams*, supra, 300 Ga. App. at 775.

(c) *Trial judge's comment.* Howard argues that the trial judge erred in injecting his personal opinion as to the "good lawyering" of the prosecutor. This claim of error is waived because Howard's counsel failed to object to the trial judge's comment. See *Gann v. State*, 245 Ga. App. 448, 449 (2) (538 SE2d 97) (2000) (where defendant did not object or move for a mistrial following trial judge's alleged prejudicial remark, issue was not preserved for appeal).

3. Howard contends that trial counsel was ineffective in a number of respects.

To prevail on a claim of ineffective assistance of trial counsel, a criminal defendant

> must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable probability, i.e., a probability sufficient to undermine confidence in the outcome, that but for counsel's unprofessional errors the result of the proceeding would have been different.

(Citations omitted.) *Woods v. State*, 275 Ga. 844, 846 (3) (573 SE2d 394) (2002). On appeal, we accept the trial court's factual findings and credibility determinations unless clearly erroneous but independently apply the legal principles to the facts. *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

(a) Howard argues that counsel was ineffective in failing to move to strike Poper's entire testimony as irrelevant because the State did not elicit testimony from Poper as to her description of the perpetrator, as contained in the police report. We disagree.

During Howard's cross-examination of Poper, the following colloquy occurred:

Q: You never got a clear look at his face . . . ?
A: No.
Q: And you couldn't tell us what kind of facial features that he had[,] correct?
A: Not unless it was in the police report.
Q: Okay. And whether or not he had any kind of facial hair?
A: Unless it was in the police report, I don't remember.
Q: And/or height or weight?
A: Same thing, not unless it was in the police report.
Q: And what kind of clothing that he was wearing?
A: Again, not unless it was in the police report.

Howard's claim to the contrary notwithstanding, Poper's testimony was not irrelevant as "[t]here is no requirement that a criminal conviction be based upon direct evidence in the form of a positive identification given by a single witness." (Citation omitted.) *Price v. State*, 180 Ga. App. 215 (3) (348 SE2d 740) (1986). Thus, counsel's failure to make a meritless objection does not constitute ineffective assistance. See *Wesley v. State*, 286 Ga. 355, 356 (3) (a) (689 SE2d 280) (2010).

(b) Howard claims that counsel was ineffective in failing to object to, and move to strike Officer Condit's testimony as to Poper's description of the perpetrator on hearsay grounds. We are not persuaded.

Officer Condit testified that, based on the radio report of the car break-in, he was looking for a ". . . male wearing a black baseball cap turned backwards with a black and white shirt, black pants, carrying a bag." Officer Condit's testimony was not hearsay because it was not offered for the truth of the matter, but to explain his conduct in pursuing Howard. *Herieia v. State*, 297 Ga. App. 872, 874-875 (2) (678 SE2d 548) (2009). Accordingly, we conclude that counsel was not deficient in this regard.

(c) Howard contends that his counsel was ineffective in failing to further question West about his arrest and the bag in his possession. We reject this claim of error.

Here, West did not testify at the motion for new trial hearing. Thus, Howard cannot "specifically demonstrate[ ] how counsel's failure [to further question West as to Howard's arrest or the bag] would have affected the outcome of the case." (Footnote omitted.) *Dukes v. State*, 285 Ga. App. 172, 174 (2) (645 SE2d 664) (2007). See also *Drake v. State*, 274 Ga. App. 882, 885 (3) (619 SE2d 380) (2005)

YALE LAW LIBRARY

(without proffer of essential witness's testimony, "it is impossible for [a defendant] to show there is a reasonable probability the results of the proceedings would have been different") (citation and punctuation omitted). Further, "[a]s a general rule, matters of reasonable tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel." (Citations and punctuation omitted.) *Rouse v. State*, 295 Ga. App. 61, 64-65 (2) (670 SE2d 869) (2008).

(d) Howard contends that trial counsel rendered deficient performance by commenting on Howard's failure to testify during closing argument. We disagree.

During closing argument, Howard's counsel stated:

> We got some witnesses here, who have come here and testified today. And I think there were three or four, maybe five from the State and one from us. Maybe there was one person that you really would like to actually hear from, but did not. And that's Mr. Howard. Mr. Howard did not actually testify in this case today. The Judge will give you the law on that, and that he has the right not to testify. . . . Mr. Howard did not wish to take the risk because a lot of times in pressure — when it's really pressure filled, you could say the wrong thing. It's a decision that he made. He has a right to do so. . . .

Howard's counsel testified at the new trial hearing that it was his trial strategy to explain Howard's failure to testify because Howard "could have said many things that would not have helped him at all[,]" and counsel wanted to "bring [it] out in the open and tell the jury that . . . we're not doing this for fun. . . ." Further, since counsel had announced that he would call Howard to the stand but then decided against it, his decision to explain Howard's failure to testify was reasonable. See *Rouse*, supra, 295 Ga. App. at 64-65 (2). Thus, the trial court's finding that counsel was not ineffective was not clearly erroneous.

Accordingly, we affirm the denial of Howard's motion for a new trial.

*Judgment affirmed. Phipps, P. J., and Johnson, J., concur.*

DECIDED JULY 12, 2010 —

*Dell Jackson*, for appellant.
*Paul L. Howard, Jr., District Attorney, John O. Williams, Assistant District Attorney*, for appellee.