**THIRD DIVISION**
**MILLER, J.,**
**RAY and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**January 23, 2013**

# In the Court of Appeals of Georgia

A12A1929. STALLINGS v. THE STATE.

MILLER, Judge.

Following a bench trial, Dominique Stallings was convicted of driving with an unlawful alcohol concentration ("DUI per se") (OCGA § 40-6-391 (a) (5)). The trial court denied Stallings's motion for a new trial. On appeal, Stallings contends that the trial court erred in (i) finding him guilty of the DUI offense and (ii) considering inadmissible hearsay evidence. Discerning no reversible error, we affirm.

"On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict. We neither assess the credibility of the witnesses nor weigh the evidence, but instead determine only whether a rational trier of fact could have found each of the elements of the crime proven beyond a reasonable doubt."

(Citations and punctuation omitted.) *Stephens v. State*, 271 Ga. App. 634 (610 SE2d 613) (2005).

So viewed, the trial evidence shows that at approximately 1:00 a.m. on March 26, 2011, an officer with the DeKalb County police department responded to a dispatch call reporting that a driver was passed out behind the steering wheel of a vehicle at a local intersection. Upon arriving at the intersection, the officer observed Stallings's vehicle matching the reported description in a nearby parking lot. Stallings's vehicle was parked in an irregular manner outside of the marked parking spaces. Stallings was sitting in the driver's seat and was alone in the vehicle. The keys were inside the vehicle's ignition.

The officer approached the vehicle and observed that Stallings was visibly intoxicated. The officer described that Stallings had glassy eyes, disheveled clothing, and a slight odor of alcohol emanating from his breath. Stallings also staggered when he walked. Stallings informed the officer that he was coming from a jazz club and was on his way home. Stallings agreed to perform field sobriety evaluations, during which the officer observed several signs of intoxication. After Stallings failed the field sobriety evaluations, he was arrested for DUI.

Stallings consented to the State's intoxilyzer test. The test results showed that Stallings had an alcohol concentration of .212 grams.

1. Stallings contends that the evidence was insufficient to establish his guilt of the DUI offense. Although Stallings does not dispute that he was impaired when he spoke to the officer at the scene, he argues that there was no evidence that he drove the vehicle while intoxicated. We disagree.

OCGA § 40-6-391 (a) (5) provides that "[a] person shall not drive or be in actual physical control of any moving vehicle while . . . [t]he person's alcohol concentration is 0.08 grams or more at any time within three hours after such driving or being in actual physical control from alcohol consumed before such driving or being in actual physical control ended[.]"

> It is well settled that the driving of an automobile while intoxicated may be shown by circumstantial evidence. It is likewise settled that to sustain a judgment of conviction, the evidence need not exclude every inference or hypothesis except the guilt of the accused, but only reasonable inferences and hypotheses, so as to justify the inference, beyond a reasonable doubt, of guilt.

(Citations, punctuation, and emphasis omitted.) *Stephens*, supra, 271 Ga. App. at 635; see also *Dorris v. State*, 291 Ga. App. 716, 718 (662 SE2d 804) (2008).

Here, the evidence established that Stallings was found in the driver's seat of his irregularly parked vehicle with the keys in the ignition. Stallings was the sole occupant of the vehicle and there was no evidence that any third party had driven the vehicle to the location. Stallings failed field sobriety tests and had a blood-alcohol concentration of .212 grams according to the State-administered intoxilyzer test. "Although the officer did not see the car moving, he observed circumstances from which [the trier of fact] could infer that [Stallings] was in actual physical control of the car when it was moved to the location where the officer found it, and that [Stallings] was intoxicated while moving it there." (Citations and punctuation omitted.) *Stephens*, supra, 271 Ga. App. at 635.

Although Stallings argues that there may have been alternative hypotheses to support a contrary finding that he did not drive to the location while intoxicated, his argument is unavailing. The reasonableness of a hypothesis was for the trier of fact to determine, and the trier of fact was authorized to reject the hypotheses offered by Stallings. See *Stephens*, supra, 271 Ga. App. at 635; *Jones v. State*, 187 Ga. App. 132, 133 (1) (369 SE2d 509) (1988). Based upon the evidence presented, the trial court was authorized to find that Stallings was guilty beyond a reasonable doubt of the DUI per se offense. See OCGA § 40-6-391 (a) (5); *Dorris*, supra, 291 Ga. App. at 718-719

4

(affirming the defendant's DUI per se conviction based upon evidence as to the irregular manner in which defendant's truck was parked in the parking lot, defendant's presence in the driver's seat, the signs of intoxication, and the intoxilyzer test results showing a blood-alcohol concentration of .198 grams); *O'Connell v. State*, 285 Ga. App. 835, 836-837 (1) (a) (648 SE2d 147) (2007) (ruling that there was sufficient circumstantial evidence supporting the defendant's DUI per se conviction given the defendant's degree of intoxication and 0.217 blood-alcohol level within three hours of the time that he was in actual physical control of the vehicle).

2. Stallings further contends that the trial court erred in considering inadmissible hearsay during the trial. Specifically, he asserts that the trial court erroneously considered the dispatcher's description of his vehicle, along with statements that he had been unconscious at the intersection and that witnesses had to push his vehicle from the roadway. Again, no basis for reversal has been shown.

(a) *Description of the Vehicle.* Evidence of the dispatcher's description of Stallings's vehicle did not amount to inadmissible hearsay. "Testimony is considered hearsay only if the witness is testifying to another party's statement in order to prove or demonstrate the truth of that statement." (Citation and punctuation omitted.) *Howard v. State*, 305 Ga. App. 159, 161 (2) (a) (699 SE2d 114) (2010). "When, in a

5

legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence not as hearsay but as original evidence." OCGA § 24-3-2. The record shows that the dispatch description of the vehicle was admitted for the limited purpose of explaining the officer's conduct in responding to the dispatch call and investigating Stallings's vehicle. As such, the admission of the dispatch description was not erroneous. See *Howard*, supra, 305 Ga. App. at 161 (2) (a) (officer's testimony about the radio call describing the suspect was admissible to explain the officer's actions in responding to the radio call); *Morrow v. State*, 257 Ga. App. 707, 708 (2) (572 SE2d 58) (2002) (ruling that the officer's testimony about the information he received from the police radio dispatcher was admissible to explain the officer's reason for investigating the defendant).

(b) *Reports of Stallings's Unconsciousness.* The officer testified that the dispatcher relayed a report that Stallings had been unconscious at the intersection, and witnesses at the scene stated that Stallings's vehicle had to be pushed out of the roadway. Stallings asserts that the officer's testimony in this regard was inadmissible hearsay, which the trial court erroneously considered in its adjudication.

6

Pretermitting whether the trial court erred in admitting the reported information that Stallings had been unconsciousness and unable to safely operate his vehicle, no harm has been shown from the error in light of the other evidence establishing Stallings's guilt of the DUI per se offense beyond a reasonable doubt. Notably, the most probative evidence establishing Stallings's guilt was the officer's personal observations that Stallings was visibly intoxicated and was sitting in the driver's seat of the irregularly parked vehicle with the keys still in the ignition; Stallings's failure of the field sobriety evaluations, and; the intoxilyzer test results showing that Stallings had an alcohol concentration of .212 grams, which greatly exceeded the legal limit. In the context of the overwhelming properly admitted evidence establishing Stallings's guilt of the DUI per se offense, the admission of the testimony in question must be considered harmless. See *Jones v. State*, 200 Ga. App. 666 (3) (409 SE2d 251) (1991).

*Judgment affirmed. Ray and Branch, JJ., concur.*