### 3522. HARDU *v.* THE STATE.

1. The defendant's own statement amounted, in effect, to an admission that he had caused to be furnished to a minor malt beer, in violation of section 444 of the Penal Code (1910).
2. An agent who negotiates for his principal a sale of beer to a minor is equally guilty with the principal.

DECIDED NOVEMBER 7, 1911.

Accusation of sale of liquor; from city court of Swainsboro— Judge H. R. Daniel. March 4, 1911.

*Saffold & Larsen, C. E. Dunbar,* for plaintiff in error.

*A. S. Bradley, solicitor,* contra.

RUSSELL, J. The defendant was convicted of furnishing malt liquors to a minor. According to the testimony and the statement of the defendant himself, the defendant, as agent for a brewery, sold to Roy Rountree, a young man about 17 years of age, five dozen bottles of beer, or "near beer." There was some conflict in the evidence as to the intoxicating quality of the fluid, though the preponderance of the testimony was to the effect that it was a non-intoxicating fluid. The minor was engaged in business as a part-

ner in a mercantile firm, under the name and style of Medlock & Rountree. He purchased goods for the firm, and he solicited the shipment of the malt liquor in question in the course of similar business negotiations as to other articles. However, there was no dispute that Rountree was a minor, and no contention that the defendant had any reason to believe that Rountree had attained his majority.

1. Section 444 of the Penal Code (1910) makes the furnishing to a minor of malt liquors of any kind (whether intoxicating or not) a criminal offense. *Stoner* v. *State*, 5 *Ga. App.* 720 (63 S. E. 602); *Campbell* v. *Thomasville*, 6 *Ga. App.* 212-236 (64 S. E. 815). The infraction of the law is apparently more technical than real, in the case at bar, and in our judgment does not call for the imposition of a heavy penalty; but under the ruling in the *Stoner* case, supra, it can not be said that the defendant was not legally convicted of furnishing a minor with a malt liquor.

2. The issue as to the defendant's guilt is not affected by the fact that he was merely an agent in the sale negotiated. By reason of his agency he sustained an accessorial relation; and, there being no accessories (but all participants in the criminal act being principals) in misdemeanors, the defendant became a principal.

*Judgment affirmed.*