234

## 23229. GRANT v. THE STATE.

DECIDED JULY 21, 1933.

W. I. Geer, P. Z. Geer, for plaintiff in error.

Robert B. Short, solicitor-general, contra.

GUERRY, J. ■ J. Wiley Grant was convicted of the offense of a misdemeanor (larceny from the house). Only the material parts of the evidence necessary to a decision of the case will be set out. The defendant, Sam Spires, Green Smith, Crawford Long, and F. E. Widner were jointly indicted for the offense of larceny from the house, in that, "on the 15th day of March, in the year 1931," they "did then and there, after entering the mule barn and corn crib of G. W. Kelly, unlawfully, privately, wrongfully and fraudulently take and carry away therefrom, with intent to steal the same, 1005 pounds of white Spanish peanuts of the value of forty dollars, contrary to the laws of said State, the good order, peace and dignity thereof." G. W. Kelly, sworn in behalf of the State, testified that he was the owner of some white Spanish peanuts in sacks, along about the date of the alleged larceny, and that they were stored in his barn, next to his house, which was in Baker county, and that along about that time he lost them; that he tracked a truck from his barn to the defendant's house. This statement was corroborated by two other witnesses. He further swore that empty sacks were found in the crib of the defendant. It was shown by three witnesses for the State that a truck was seen to have driven into the yard of the defendant sometime after midnight on the night of the larceny. Green Smith and Sam Spires, jointly accused with the plaintiff in error here, testified materially that they had both been tried and convicted for the theft of the peanuts of Mr. Kelly; that they were guilty of the crime. They further swore that the plaintiff in error promised them that if they would steal the peanuts from Kelly, he would buy them at a reason-

able price, and that he assisted them in unloading the peanuts after they had stolen them; that before they stole the peanuts they had an agreement with him that he would buy them, and that he discussed the matter with them; that in the discussion he told them to get Kelly's peanuts. An amendment to the motion for a new trial contained two grounds: One that the venue of the crime was not proven, in that it was not shown that any crime was committed by the defendant in Baker county, he being a resident of Miller county; and the other that it affirmatively appears from the evidence that if the defendant was guilty of any crime, it was that of receiving stolen goods and not larceny from the house as alleged, and that he was guilty of that offense in Miller county. The movant also insists on the general grounds. We shall discuss the first two propositions together.

Sections 44 and 45 of the Penal Code of Georgia reads as follows: "An accessory is one who is not the chief actor in the offense, nor present at its performance, but in some way concerned therein, either before or after the act committed." "An accessory before the fact is one who, being absent at the time of the crime committed, doth yet procure, counsel or command another to commit a crime." The defendant here is charged with the commission of a misdemeanor. If he would bear the relation of accessory before the fact to the crime charged, if the crime were a felony, then he would be guilty as if a principal, as all who procure, counsel, command, aid, or abet the commission of a misdemeanor are regarded by the law as principal offenders. *Loeb* v. *State,* 6 *Ga. App.* 23 (64 S. E. 338); *Strickland* v. *State,* 9 *Ga. App.* 201 (70 S. E. 990); *Hardu* v. *State,* 10 *Ga. App.* 47 (72 S. E. 513); *Jackson* v. *State,* 16 *Ga. App.* 213 (84 S. E. 974); *Moody* v. *State,* 14 *Ga. App.* 523 (81 S. E. 588); *Deal* v. *State,* 14 *Ga. App.* 121 (80 S. E. 537); *Bracewell* v. *State,* 21 *Ga. App.* 133 (94 S. E. 91). In *Loeb* v. *State,* exception was taken to the following charge of the court: "If you find, under the evidence in the case, that illegal sales of liquor were made in Morgan county by some other person than the defendant, but that the defendant did knowingly aid and abet these sales, or that, being absent at the time they were made, he did yet procure, counsel or command another to make them, he would be held responsible as a principal, and would be guilty under this presentment for selling liquor in Morgan county." Powell, J.,

in delivering the judgment of the court, said: "We think that this was a pertinent, apposite charge, stating the law applicable to the case under investigation. There was no evidence that Loeb himself personally sold liquor in Morgan county; but it is not necessary that this should be shown, in order for the defendant to have been lawfully convicted. . . If Loeb induced Wyatt to sell liquor illegally, whether as his agent or on his own account, he was guilty on the theory that he counseled the crime." Can it be doubted that the promising by the defendant of a fair price for the peanuts that his codefendant's would steal from Kelly was a counseling and an encouragement to the commission of the unlawful act? We think not. He was as much a principal as the actual perpetrators of the larceny. This being so, the actual larceny having taken place in Baker county, he was guilty of that offense in that county and was properly tried there. In *Duckett* v. *State,* 93 *Ga.* 415 (21 S. E. 73), it was ruled as follows: "Where one hires another in the State of Tennessee to commit a trespass in Georgia, and the person hired does commit the trespass and in so doing acts in a manner reasonably to be anticipated by the person who employed him and thereby commits a misdemeanor, both are principals in the misdemeanor and subject to indictment and punishment in Georgia. Thus, a constable in Tennessee, wishing to levy upon a horse which was in Georgia, hired a person to bring the horse into Tennessee, without specifying how it was to be brought, and the person employed rode the horse in Georgia without the consent of the owner and by this means executed his commission: *Held,* that the constable, as well as his agent, was guilty of a misdemeanor under the statute making it penal to wilfully ride or drive the horse of another without the consent of the owner."

The defendant further contends that the evidence shows that if he was guilty of any crime, it was that of receiving stolen goods, and not larceny. We might agree with counsel for the defendant that the defendant was guilty of receiving stolen goods, but we are sure that he was also guilty of being an accessory in the commission of the crime, which, in a misdemeanor, makes him a principal to the larceny.

■ The evidence amply supports the verdict, and the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*