## A00A1346. DUNN v. THE STATE.
### (539 SE2d 198)

BARNES, Judge.

Cleveland Dunn appeals his conviction of three counts of burglary (OCGA § 16-7-1). He contends that even though he may have been convicted as a party to a crime under OCGA § 16-2-20, the evidence is insufficient to sustain his conviction under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We disagree and affirm.

The essence of Dunn's appeal is that he cannot be convicted as a party to these burglaries because, at most, the evidence showed only that he received stolen property. See *Crumpton v. State*, 240 Ga. App. 422 (523 SE2d 624) (1999). Dunn relies on the testimony of two witnesses who earlier pled guilty to committing the burglaries of which Dunn was convicted. According to Dunn, these witnesses testified only that they committed the burglaries and then transferred to Dunn some of the items they stole from the houses they burglarized. Dunn never told them to go to any particular house, and they were not committing the burglaries for Dunn.

Dunn's argument, however, overlooks certain other testimony that distinguishes this case from *Crumpton v. State*, supra. The witnesses were staying at Dunn's house, Dunn told them he wanted certain items — including particular types of guns, and they knew that Dunn would give them money and drugs for the stolen goods. Dunn admitted that he knew the items he received from the others were stolen and also admitted supplying the two with drugs. This evidence is sufficient to sustain Dunn's conviction as a party to these three burglaries.

Under OCGA § 16-2-20 (b) (4), a person who "intentionally advises, encourages, hires, counsels, or procures another to commit" a crime may be charged with and convicted of commission of the crime. Dunn's conduct in this case is sufficient to satisfy the requirements of this Code section. When one counsels and encourages others to commit crimes by promising to buy the fruits of the crime, he is guilty as a principal. *Grant v. State*, 47 Ga. App. 234 (1) (170 SE 394)

(1933). Although Dunn did not specifically select places to be burglarized, that fact is irrelevant. That he counseled and encouraged the others to commit burglaries to obtain the items that he wanted is sufficient to sustain his conviction. *Todd v. State*, 189 Ga. App. 538, 540 (2) (376 SE2d 917) (1988).

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 11, 2000.

*Patterson & Patterson, Jackie G. Patterson, Yasma Patterson*, for appellant.

*David McDade, District Attorney, James E. Barker, Assistant District Attorney*, for appellee.