## A10A0078. GREEN v. THE STATE.

(689 SE2d 132)

ELLINGTON, Judge.

An Emanuel County jury found Pamela Green guilty beyond a reasonable doubt of burglary, OCGA § 16-7-1; and theft by deception, OCGA § 16-8-3. Following the denial of her motion for a new trial, Green appeals, challenging the sufficiency of the evidence and contending that she received ineffective assistance of counsel. Finding no error, we affirm.

1. Green contends there was no evidence that she entered the burgled residence or otherwise participated in the burglary committed by her husband and another man. In addition, with regard to the charge of theft by deception, Green contends there was no evidence that she made any false statement or confirmed any false fact to the victim, who bought a stolen trailer from her husband.

> On appeal from a criminal conviction, [the appellate court] view[s] the evidence in the light most favorable to the verdict and an appellant no longer enjoys the presumption of innocence. [The appellate court] determines whether the evidence is sufficient under the standard of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, [the appellate court] must uphold the jury's verdict.

(Citations omitted.) *Rankin v. State,* 278 Ga. 704, 705 (606 SE2d 269) (2004).[1] The standard of *Jackson v. Virginia* is met if the evidence is sufficient for any rational trier of fact to find the defendant guilty

---

[1] See also OCGA § 24-9-80 ("The credibility of a witness is a matter to be determined by the jury under proper instructions from the court.").

beyond a reasonable doubt of the crime charged. *Clark v. State*, 275 Ga. 220, 221 (1) (564 SE2d 191) (2002).

Viewed in the light most favorable to the verdict, the evidence showed the following. In May or early June 2007, Green's husband and an acquaintance, Gregory Young, went to Lee Moore's house in Emanuel County, which someone had told them was "abandoned," at least four times and took a large utility trailer, appliances, tools, and various other items. On the third trip, Green's husband and Young went inside the house, and it was apparent that someone still lived there. After Young refused to go back in the house, Green's husband told Young that he was going to go back to the house to get a welder. Green went along on at least two trips to Moore's house, including the trip when they took the trailer, and told her husband what she wanted him to take from Moore's property.

During the same time period, Green and her husband offered to sell the stolen trailer to Verlon Gillis for $2,000. Gillis asked Green if the trailer was "clear," and she responded that it was, that her husband had owned the trailer for two years. Gillis offered to pay $1,500 for the trailer, and Green and her husband accepted. Gillis paid them a partial payment of $1,000 immediately and took possession of the trailer. Gillis returned the following week and paid Green the balance.

In June 2007, Moore returned to his house after a month's absence and discovered that the house had been burgled. Many items had been stolen, including the trailer, a welder and numerous other tools, sports memorabilia and collectibles, and Moore's mother's Bible and driver's license.

A few days later, Green's husband approached Larry Bennett in the grocery store where he worked and asked if he wanted to buy a welder or knew anyone who did. Bennett called the sheriff's department to report the suspicious encounter and described Green, a man and a woman who were with him, and Green's truck with the welder in the back. Later that day, investigators stopped Green's husband's truck; Green was with her husband, and the welder was still in the back, along with some of Moore's tools. As a result, investigators arrested Green's husband and, with Green's consent, searched their house. Investigators found much of the stolen property, including some of the tools, sports memorabilia, and collectibles. Later, investigators discovered that Gillis was in possession of the stolen trailer and, in questioning him, learned of Green's involvement in the sale of the stolen trailer. In a second search of Green's residence, investigators found Moore's briefcase, containing his mother's Bible and driver's license, in Green's closet.

After Green's husband was arrested, Green asked Young to take the blame and to tell investigators that he sold the stolen property to

Green's husband. Green also wrote to a sheriff's deputy, saying, "[the investigators] know I didn't burglary [sic] no place by myself."

(a) We conclude that, although there was no direct evidence that Green personally entered Moore's house,[2] the evidence authorized the jury to find beyond a reasonable doubt that Green participated in the burglary of Moore's house by actively aiding, abetting, and encouraging it. See OCGA § 16-2-20.[3] Specifically, the evidence that Green, knowing that her husband and Young were removing portable property from the house of an unknown person, asked her husband to take specific items of property that she wanted is sufficient to sustain her conviction as a party to the crime of burglary. *Dunn v. State*, 245 Ga. App. 847, 847-848 (539 SE2d 198) (2000) (the evidence was sufficient to convict the defendant of burglary as a party to the crime where he counseled and encouraged others to commit burglaries by telling them that he would buy particular types of guns and then buying their stolen weapons); *Todd v. State*, 189 Ga. App. 538, 539-540 (2) (376 SE2d 917) (1988) (the evidence was sufficient to convict the defendant of burglary as a party to the crime where he counseled and encouraged others to commit burglaries by telling them that he would buy particular types of guns and electronic equipment, later buying their stolen goods, and asking them where the goods were stolen so that he could resell in a different area).

(b) In addition, we conclude that the evidence was sufficient to convict Green of theft by deception. Under OCGA § 16-8-3 (a), "[a] person commits the offense of theft by deception when he obtains property by any deceitful means or artful practice with the intention of depriving the owner of the property." A person deceives if he or she intentionally:

> (1) Creates or confirms another's impression of an existing fact or past event which is false and which the accused knows or believes to be false; . . .

---

[2] See OCGA § 16-7-1 (a) ("A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another[.]").

[3] (a) Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime.

(b) A person is concerned in the commission of a crime only if he: . . .

(3) Intentionally aids or abets in the commission of the crime; or

(4) Intentionally advises, encourages, hires, counsels, or procures another to commit the crime.

OCGA § 16-2-20.

(4) Sells or otherwise transfers or encumbers property intentionally failing to disclose a substantial and valid . . . legal impediment to the enjoyment of the property[.]

OCGA § 16-8-3 (b). In this case, although there was contradictory evidence,[4] there was evidence that Green told Gillis that her husband had clear title to the trailer and had owned it for two years, when she knew that, in truth, her husband had taken the trailer from Moore's unattended house within the month preceding, and that she then accepted Gillis's payment for the trailer. The evidence authorized the jury to find beyond a reasonable doubt that Green obtained funds from Gillis by deceptive means. *Drake v. State*, 274 Ga. App. 882, 883 (1) (619 SE2d 380) (2005) (evidence authorized conviction for theft by deception where the defendant represented himself as the legal owner of stolen tools and sold them to a pawn shop); *Watson v. State*, 252 Ga. App. 244, 247 (3) (555 SE2d 896) (2001) (evidence authorized conviction for theft by deception where the defendant stole a boat trailer and then sold it to the victim).

2. Green contends, for the first time on appeal, that her conviction should be reversed and she should be granted a new trial because she received ineffective assistance of trial counsel.

It is axiomatic that a claim of ineffectiveness of trial counsel must be asserted at the earliest practicable moment. The rule that an ineffectiveness claim must be raised at the earliest practicable moment requires that that claim be raised before appeal if the opportunity to do so is available. If the claim is not raised at the earliest practicable moment, it is waived.

(Punctuation and footnotes omitted.) *Alford v. State*, 293 Ga. App. 512, 515-516 (4) (667 SE2d 680) (2008). In the case at bar, appellate counsel filed Green's motion for a new trial but failed to raise an ineffective assistance of counsel claim. As a result, this claim has been waived. Id.

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

DECIDED JANUARY 6, 2010.

*Mullis & Oliver, Marnique W. Oliver*, for appellant.

---

[4] Green relies on her husband's testimony that she did not know the trailer was stolen and that it was he, not she, who told Gillis that he owned the trailer. Young, however, testified that Green was present when he and her husband took Moore's trailer. Furthermore, Gillis testified that Green is the one who told him that her husband had owned the trailer for two years.

*Samuel H. Altman, District Attorney, Mary K. McKinnon, Assistant District Attorney*, for appellee.