# Court of Appeals
# of the State of Georgia

ATLANTA, December 05, 2013

*The Court of Appeals hereby passes the following order:*

## A14D0124. PAMELA D. GREEN v. THE STATE.

Pamela D. Green was convicted of burglary and theft by deception. She was sentenced as a recidivist to imprisonment for twenty years on the burglary count and ten years on the theft count, to be served consecutively and without the possibility of parole. We affirmed the convictions on appeal. *Green v. State*, 301 Ga. App. 866 (689 SE2d 132) (2010). Green later filed a motion to modify her sentence, which the trial court denied. She then filed this application for discretionary appeal. We, however, lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, as it had here when Green filed her motion, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). A sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (a) (409 SE2d 517) (1991). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *Von Thomas v. State*, __ Ga. __ (2) (748 SE2d 446) (Case No. S13G0198, decided September 9, 2013).

Green acknowledges that her sentence does not exceed the permissible range of punishment for the crimes of which she was convicted. Nonetheless, she argues

that her sentence is void for two reasons. First, she contends that she was prosecuted multiple times for the same offense. This, however, is a challenge to her convictions, not her sentence. See *Williams v. State*, 287 Ga. 192 (695 SE2d 244) (2010). Second, she argues that the trial court failed to recognize that it had the discretion to probate a portion of her sentence. Assuming without deciding that failure to exercise discretion would void her sentence, the trial court had no such discretion. As Green had previously been convicted of more than four felonies, the judge was required to impose the maximum sentence, "no part of which may be probated." *Thomas v. State*, 321 Ga. App. 214, 217 (3) (741 SE2d 298) (2013), citing OCGA § 17-10-7 (c).

Because "the assertions contained in [Green's] post-appeal, post § 17-10-1 (f) motion seeking sentence modification did not allege the sentences imposed were void," she is not entitled to an appeal from the trial court's adverse ruling. *Brown v. State*, 295 Ga. App. 66, 68 (670 SE2d 867) (2008). Accordingly, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
　　　*Clerk's Office, Atlanta,* 12/05/2013
　　　*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
　　　*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*


*, Clerk.*