# Court of Appeals
# of the State of Georgia

ATLANTA,  October 13, 2023

*The Court of Appeals hereby passes the following order:*

**A24D0091. PAMELA GREEN v. THE STATE.**

In January 2009, Pamela Green was convicted of burglary and theft by deception. She was sentenced as a recidivist to imprisonment for twenty years on the burglary count and ten years on the theft count, to be served consecutively and without the possibility of parole. This Court affirmed the convictions on appeal. *Green v. State*, 301 Ga. App. 866 (689 SE2d 132) (2010). Green has since presented numerous pro se filings, including multiple motions seeking to modify her allegedly void sentence. See Cases No. A15A0725 (Dec. 19, 2014); A14D0124 (Dec. 5, 2013); A10D0336 (May 7, 2010).

In November 2022, Green filed, through counsel, an extraordinary motion for new trial, again challenging her sentence. The trial court dismissed Green's motion under OCGA § 5-5-41 (b), finding, in part, that she had previously filed a pro se extraordinary motion for new trial and she was not permitted to file a second such motion. Green filed an application for discretionary appeal in the Supreme Court of Georgia, arguing that OCGA § 5-6-35 (a) (7) violates her due process rights because it requires a defendant to file a discretionary application from the denial of an extraordinary motion for new trial, while the State is permitted to file a direct appeal from the grant of an extraordinary motion. The Supreme Court determined that the constitutional question was not properly before it because Green seeks to appeal from the dismissal – rather than the denial – of an extraordinary motion for new trial, and under the current state of the law, she was not required to file a discretionary application under OCGA § 5-6-35 (a) (7) and instead was entitled to a direct appeal. See *Weaver v. State,* 359 Ga. App. 784, 784 (1) (860 SE2d 96) (2021). Accordingly,

the Supreme Court found that OCGA § 5-6-35 (a) (7), when properly read, does not implicate any constitutional concerns and transferred the application to this Court. See Case No. S24D0090 (Sept. 13, 2023).

Under OCGA § 5-6-35 (j), we will grant a timely discretionary application if the lower court's order is subject to direct appeal. Our Supreme Court has determined that the order in this case is subject to direct appeal. Accordingly, this application is hereby GRANTED. Green shall have ten days from the date of this order to file a notice of appeal with the trial court. If she has already filed a notice of appeal, she need not file a second notice. The clerk of the juvenile court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
    *Clerk's Office,*
*Atlanta,   10/13/2023*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*